Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant the Maison Investor Group*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GREEN And EVGENIA NIKITINA, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MAISON SOLUTIONS INC., JOHN XU, ALEXANDRIA M. LOPEZ, TAO HAN, BIN WANG, MARK WILLIS, XIAOXIA ZHANG, JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC, <br><br> Defendants. | Case No. 2:24-cv-00063-SPG-KS <br><br> **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> Date:    April 3, 2024 <br> Time:    1:30 p.m. <br> Crtrm.:  5C <br> Judge:  Hon. Sherilyn Peace Garnett |

Lead Plaintiff Movants Migwang Jeong, Yun Jung Kim, Yousub Jun, Lee Sun-Bok, and Hyeonnam Gang (the "Maison Investor Group") respectfully submit this memorandum of law in support of their motion to appoint the Maison Investor Group as lead plaintiff, and to approve Glancy Prongay & Murray LLP ("GPM") as lead counsel pursuant to the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995, on behalf of a putative class (the "Class") of all persons and entities who purchased or otherwise acquired Maison Solutions Inc. ("Maison" or the "Company") (a) Class A common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's October 2023 initial public offering ("IPO" or the "Offering"); and/or (b) securities between October 5, 2023 and December 15, 2023, inclusive (the "Class Period").

## I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff. This motion is made on the grounds that the Maison Investor Group is the "most adequate plaintiff" as defined by the PSLRA.

The Maison Investor Group has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Maison Investor Group satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims, and it is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

1

lead plaintiff provision, the Maison Investor Group respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, the Maison Investor Group's selection of GPM as lead counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Maison is a specialty grocery retailer offering Asian food and merchandise to U.S. consumers.

On October 5, 2023, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold 2,500,000 shares of Class A common stock at a price of $4.00 per share. The Company received net proceeds of approximately $10 million from the Offering. The proceeds from the IPO were purportedly to be used for new store acquisitions and expansion, including opening new stores and the acquisition of businesses and supermarkets that complement the business, including to acquire "90% equity interests in (a) the Alhambra Store from Ms. Grace Xu, spouse of John Xu, our chief executive officer, and (b) Dai Cheong from Mr. Xu, by paying off the SBA loans held by each entity of approximately $2.0 million and $2.4 million, respectively, as partial consideration for such acquisitions[.]"

During the Class Period and in the Registration Statement, Maison made materially false and/or misleading statements, and failed to disclose materially adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company's vendor XHJC Holdings Inc., is a related party; (2) that the Company's CEO and related entities were alleged to have used supermarkets as a front to defraud the EB-5 visa program; and (3) that, as a result of the foregoing, Defendants' positive statements about the

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

2

Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On December 15, 2023, Hindenburg Research published a report about Maison, alleging multiple "red flags" concerning potentially illegal activities. Hindenburg reported that the Company's Chief Executive Officer, John Xu, is also the President of J&C International Group ("J&C") a company which "support[s] immigration services for high-net-worth Chinese investors" and that J&C, Xu, and an alleged related entity, Hong Kong Supermarkets, allegedly used supermarkets as a front to defraud the EB-5 visa program. Hindenburg's investigation further revealed that the Company may be "being pumped by WhatsApp chat rooms" with screenshots of chatrooms showing "trading plans."

On this news, Maison's stock price fell $12.71 per share, or 83.6%, to close at $2.50 per share on Friday, December 15, 2023, on unusually heavy trading volume. By the commencement of this action, Maison stock has traded as low as $1.50 per share, a more than 62% decline from the $4 per share IPO price.

## III.    ARGUMENT

### A.    The Maison Investor Group Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, the Maison Investor Group has complied with all of the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff. The Maison Investor Group, to the best of its knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23, and is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Maison Investor Group respectfully submits that it should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### 1.    The Maison Investor Group's Motion Is Timely

On January 4, 2024, pursuant to the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan in Support of the Motion of the Maison Investor Group for Appointment as Lead Plaintiff, and Approval of Counsel ("Linehan Decl."), Ex. A. Therefore, the Maison Investor Group had sixty days (*i.e.*, until March 4, 2024), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Maison securities during the Class Period and traceable to the Registration Statements, the Maison Investor Group is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

4

within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certifications, the Maison Investor Group members attest that they have reviewed the complaint and are willing to serve as a representatives of the class. Linehan Decl., Ex. B. Accordingly, the Maison Investor Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.   The Maison Investor Group Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, the Maison Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

The Maison Investor Group purchased Maison securities during the Class Period and traceable to the Registration Statements at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $1,285,529.61 for its Exchange Acct claims and $295,425.30 for its Securities Act claims. *See* Linehan Decl., Ex. C. To the best of its knowledge, the Maison Investor Group is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Maison Investor Group believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

5

**3.    The Maison Investor Group Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus . . . " and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

**a)    The Maison Investor Group's Claims Are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

6

proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id*. (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, the Maison Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Maison Investor Group purchased Maison securities during the Class Period and traceable to the Registration Statement and suffered losses as a result of its transactions. Like all members of the Class, the Maison Investor Group alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning Maison's operations and financial prospects. The Maison Investor Group's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Maison securities caused by Defendants' alleged misrepresentations and omissions. Accordingly, the Maison Investor Group's interests and claims are typical of the interests and claims of the Class.

### b) The Maison Investor Group Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

7

*Takeda v. Turbodyne Techs., Inc.,* 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)).

The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Yanek v. Staar Surgical Co.*, No. 04-cv-8007, 2004 WL 5574358, at *6 (C.D. Cal. Dec. 15, 2004).

Here, the Maison Investor Group easily satisfies the adequacy requirements. The Maison Investor Group's financial interest demonstrates that it has sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [the Maison Investor Group is] antagonistic to other members of the class or their attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Moreover, the Maison Investor Group has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). The Maison Investor Group also submits herewith a joint declaration of its members attesting to the group's adequacy. *See* Linehan Decl., Ex. E. The Maison Investor Group is moreover not aware of any conflict between its claims and those asserted on behalf of the Class. As such, the Maison Investor Group is adequate to represent the Class and should be appointed as lead plaintiff.

**B.      The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at *7. Here, the Maison Investor Group has retained GPM to pursue this litigation on its behalf and will retain the firm as Lead Counsel in the event the Maison Investor Group is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting the Maison Investor Group's

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

8

motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Maison Investor Group's selection of counsel.

## IV.   CONCLUSION

For the foregoing reasons, the Maison Investor Group respectfully asks the Court to grant its motion and enter an Order: (1) appointing the Maison Investor Group as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

DATED:  March 4, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:   *s/ Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant the Maison Investor Group and Proposed Lead Counsel*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

9

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for the Maison Investor Group, certifies that this brief contains 2,625 words, which complies with the word limit of L.R. 11-6.1.

DATED: March 4, 2024          _s/ Charles H. Linehan_
                             Charles H. Linehan

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

10

## PROOF OF SERVICE BY ELECTRONIC POSTING

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On March 4, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 4, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan

MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE MAISON INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

11