POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Sungkyu Kim and Proposed*
*Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GREEN AND EVGENIA NIKITINA, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAISON SOLUTIONS INC., JOHN XU, ALEXANDRIA M. LOPEZ, TAO HAN, BIN WANG, MARK WILLIS, XIAOXIA ZHANG, JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC,<br><br>Defendants. | Case No. 2:24-cv-00063-SPG-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF SUNGKYU KIM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>DATE:  April 3, 2024<br>TIME:  1:30 p.m.<br>JUDGE:  Sherilyn Peace Garnett<br>CTRM:  5C |

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ........................................................................1

II.     STATEMENT OF FACTS ...............................................................................3

III.    ARGUMENT ....................................................................................................5

        A.      KIM SHOULD BE APPOINTED LEAD PLAINTIFF ...............................5

                1.      Kim Is Willing to Serve as Class Representative ....................................6

                2.      Kim Has the "Largest Financial Interest" ...................................7

                3.      Kim Otherwise Satisfies the Requirements of Rule 23 of the
                        Federal Rules of Civil Procedure ...........................................8

                4.      Kim Will Fairly and Adequately Represent the Interests of the
                        Class and Is Not Subject to Unique Defenses ...........................11

        B.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD
                BE APPROVED .........................................................................11

IV.     CONCLUSION ................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) .........................................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
   317 F. Supp. 3d 1056 (N.D. Cal. 2018) ..........................................................................8

*In re Comverse Technology, Inc. Securities Litigation*,
   No. 1:06-cv-01825 (E.D.N.Y.) ......................................................................................12

*In re Petrobras Securities Litigation*,
   No. 14-cv-09662 (S.D.N.Y.)..........................................................................................12

*In re Solar City Corp. Sec. Litig.*,
   No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017).........................9

*Klein v. Altria Group, Inc. et al*,
   No. 3:20-cv-00075 (E.D. Va.) ......................................................................................12

*Knox v. Yingli Green Energy Holding Co.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) .........................................................................7

*Lax v. First Merchants Acceptance Corp.*
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ...........................................7

*Osher v. Guess?, Inc.*,
   No. CV01-00871LGB(RNBX), 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ...........12

*Richardson v. TVIA, Inc.*,
   2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)................................................................9

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .......................................................................................10

**Statutes**

15 U.S.C. § 78u-4.................................................................................................*passim*

15 U.S.C. § 77z-1.................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 .......................................................*passim*

Securities Act of 1933 ................................................................................................1

Securities Exchange Act of 1934 ...............................................................................1

**Rules**

Fed. R. Civ. P. 23 .............................................................................................*passim*

Movant Sungkyu Kim ("Kim") respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3) and Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Kim as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired Maison Solutions Inc. ("Maison" or the "Company") (a) Class A common stock pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with the Company's October 2023 initial public offering ("IPO" or the "Offering"), and/or (b) securities between October 5, 2023 and December 15, 2023, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.   PRELIMINARY STATEMENT

The complaint in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") disseminated a materially false or misleading registration statement to investors in connection with the Company's IPO in violation of the Securities Act, as well as defrauded investors in violation of the Exchange Act. Maison investors, including Kim, incurred significant losses following the disclosure of the

alleged wrongful conduct, which caused the prices of Maison securities to fall sharply, damaging Kim and other Maison investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  *See* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).   During the Class Period, Kim purchased or otherwise acquired 22,533 Maison shares, expended $292,009 on his transactions in Maison securities, retained 10,383 of his Maison shares, and, as a result of the disclosure of Defendants' alleged wrongful conduct, incurred losses of approximately $109,829. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A. Accordingly, Kim believes that he has the largest financial interest in the relief sought in the Action.  Beyond his considerable financial interest, Kim also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Kim has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Kim respectfully requests that the Court enter an Order appointing Kim as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.   STATEMENT OF FACTS

As alleged in the complaint in the Action, Maison is a specialty grocery retailer offering Asian food and merchandise to U.S. consumers.  ECF No. 1 at 1 ¶ 2.

On October 5, 2023, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement.  *Id.* at 1 ¶ 3.  In the IPO, the Company sold 2,500,000 shares of Class A common stock at a price of $4.00 per share.  *Id.*  The Company received net proceeds of approximately $10 million from the Offering.  *Id.*  The proceeds from the IPO were purportedly to be used for new store acquisitions and expansion, including opening new stores and the acquisition of businesses and supermarkets that complement the business, including to acquire "90% equity interests in (a) the Alhambra Store from Ms. Grace Xu, spouse of John Xu, our chief executive officer, and (b) Dai Cheong from Mr. Xu, by paying off the SBA loans held by each entity of approximately $2.0 million and $2.4 million, respectively, as partial consideration for such acquisitions[.]"  *Id.* at 1-2 ¶ 3.

On December 15, 2023, at approximately 2:30 p.m. Eastern Standard Time, Hindenburg Research published a report about Maison, alleging a number of "red flags" concerning potentially illegal activities.  *Id.* at 2 ¶ 4.  Hindenburg reported that Defendant

John Xu, the Company's Chief Executive Officer, is also the President of J&C International Group ("J&C") a company which "support[s] immigration services for high-net-worth Chinese investors" and that J&C, John Xu and an alleged related entity, Hong Kong Supermarkets, allegedly used supermarkets as a front to defraud the EB-5 visa program. *Id.* Hindenburg's investigation further revealed that the Company may be "being pumped by WhatsApp chat rooms" with screenshots of chatrooms showing "trading plans." *Id.*

On this news, Maison's stock price fell $12.71 per share, or 83.6%, to close at $2.50 per share on Friday, December 15, 2023, on unusually heavy trading volume. *Id.* at 2 ¶ 5.

By the commencement of the Action, Maison stock has traded as low as $1.50 per share, a more than 62% decline from the $4 per share IPO price. *Id.* at 2 ¶ 6.

In the Registration Statement and throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* at 2 ¶ 7. Specifically, Defendants failed to disclose to investors: (1) that the Company's vendor XHJC Holdings Inc., is a related party; (2) that the Company's CEO and related entities were alleged to have used supermarkets as a front to defraud the EB-5 visa program; and (3) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Kim and other Class members have suffered significant losses and damages. *See Id.* at 3 ¶ 8.

## III. ARGUMENT

### A. KIM SHOULD BE APPOINTED LEAD PLAINTIFF

Kim should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

As set forth below, Kim satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Kim Is Willing to Serve as Class Representative

On January 4, 2024, counsel for plaintiff in the Action caused the statutorily required Notice of the Action to be published over *Business Wire* pursuant to Sections 27(a)(3)(A)(i) and 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action lawsuit had been filed against Maison and other defendants, and which advised investors in Maison securities that they had 60 days from the date of the Notice's publication—*i.e.*, until March 4, 2024—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.

Kim has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Kim satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Kim Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii). To the best of his knowledge, Kim has the largest financial interest of any Maison investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District. *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g., id.*

During the Class Period, Kim: (1) purchased 22,533 Maison shares; (2) expended $292,009 on his transactions in Maison securities; (3) retained 10,383 of his Maison shares; and (4) as a result of the disclosure of Defendants' alleged wrongful conduct,

incurred losses of approximately $109,829 in connection with his transactions in Maison securities. *See* Pafiti Decl., Ex. A. To the extent that Kim possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I)(bb), 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Kim Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Sections 27(a)(3)(B)(iii)(I)(cc) and 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provide that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and

adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Kim's claims are typical of those of the Class. Kim alleges, like other Class members, that Defendants violated the federal securities laws by making false or misleading statements of material facts concerning Maison, or by omitting to state material facts necessary to make the statements they did make not misleading. Kim, like other Class members, purchased Maison securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Maison's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the

representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Kim is an adequate representative for the Class. Here, Kim has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C. There is no evidence of antagonism or conflict between Kim's interests and those of the Class, and Kim's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute the claims in the Action on behalf of the Class. Moreover, Kim has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. §§ 77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v). In addition to Pomerantz, Kim is also represented by the law firm of Bronstein, Gewirtz, and Grossman, LLC in this litigation.

Further demonstrating his adequacy, Kim has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his experience serving as a fiduciary, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is

prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D.[1]

### 4. Kim Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Kim as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II).

Kim's ability and desire to fairly and adequately represent the Class has been discussed above.  Kim is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Kim should be appointed Lead Plaintiff for the Class.

### B. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v).  The

---

[1] Exhibit D of the Pafiti Declaration is dated March 5, 2024.  Kim, a resident of Seoul, South Korea, signed the certification and declaration on March 5, 2024, Korea Standard Time, equating to March 4, 2024 Eastern Standard Time - i.e., prior to the statutory motion deadline.

Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class." *Id.* §§ 77z-1(a)(3)(B)(iii)(II)(aa), 78u-4(a)(3)(B)(iii)(II)(aa); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at \*4 (C.D. Cal. Apr. 26, 2001) ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class.").

Here, Kim has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Kim's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Action effectively and expeditiously.  Thus, the Court may be assured that by approving Kim's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Kim respectfully requests that the Court issue an Order: (1) appointing Kim as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  March 4, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Sungkyu Kim and Proposed*
*Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165

Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Sungkyu Kim*

CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Sungkyu Kim, certifies that this brief contains 3,083 words, which complies with the word limit of L.R. 11-6.1.

Executed on March 4, 2024.

*/s/ Jennifer Pafiti*
Jennifer Pafiti