Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant the Maison Investor Group*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GREEN And EVGENIA NIKITINA, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MAISON SOLUTIONS INC., JOHN XU, ALEXANDRIA M. LOPEZ, TAO HAN, BIN WANG, MARK WILLIS, XIAOXIA ZHANG, JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC,<br><br>Defendants. | Case No. 2:24-cv-00063-SPG-KS<br><br>**MAISON INVESTOR GROUP'S OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>Date:  April 3, 2024<br>Time:  1:30 p.m.<br>Crtrm.:  5C<br>Judge:  Hon. Sherilyn Peace Garnett |

Lead Plaintiff Movants Migwang Jeong, Yun Jung Kim, Yousub Jun, Lee Sun-Bok, and Hyeonnam Gang (the "Maison Investor Group" or "MIG") submit this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 14, 19).

## I.    INTRODUCTION

Three motions for appointment as lead plaintiff and approval of lead counsel were filed in this action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The motions were filed by the Maison Investor Group (Dkt. No. 18); Ilsan Kim (Dkt. No. 14); and Sungkyu Kim (Dkt. No. 19). However, both Ilsan Kim and Sungkyu Kim subsequently filed notices informing the Court that they do not oppose the Maison Investor Group's motion because Ilsan Kim and Sungkyu Kim do not have the largest financial interest. *See* Dkt. Nos. 23, 24. As such, Ilsan Kim and Sungkyu Kim have effectively abandoned their motions and only the Maison Investor Group is still seeking appointment as lead plaintiff.

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the movant or group "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

As demonstrated in the Maison Investor Group's memorandum of law in support of its lead plaintiff motion (Dkt. No. 18-2), the Maison Investor Group has the largest financial interest in the relief sought by the class. The Maison Investor

Group's financial interest, as measured by its last in, first out ("LIFO") loss is $1,285,529.61 for the Exchange Act claims and $295,425.30 for the Securities Act claims. *See* Dkt. No. 18-6. As such, the Maison Investor Group is the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii); 15 U.S.C. § 77z-1(a)(3)(B)(iii).

Since the Maison Investor Group is the presumptively most adequate plaintiff, and the presumption has not been rebutted, the Maison Investor Group should be appointed as lead plaintiff, and its selection of lead counsel should be approved.[1]

## II. THE MAISON INVESTOR GROUP IS THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE IT HAS THE LARGEST FINANCIAL INTEREST

The Maison Investor Group satisfies all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). First, the Maison Investor Group filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 18; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa). Second, the Maison Investor Group satisfies the requirements of Rule 23, as demonstrated in its memorandum of law in support of its lead plaintiff motion. *See* Dkt. No. 18-2 at 7-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Finally, as conceded by the other movants, and as explained *infra*, the Maison Investor Group has the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular method for determining which movant has the largest financial interest, district courts are free to choose any

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); 15 U.S.C. § 77z-1(a)(3)(B)(v).

method that is "both rational and consistently applied." *See In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). Courts in this Circuit, however, generally rely on the four-factor *Olsten-Lax* test to determine financial interest, which weighs: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

Approximate losses is the "most determinative" factor. *See id*; *see also Dixon v. The Honest Co., Inc.*, No. 21-cv-07405, 2022 WL 20611227, at *3 (C.D. Cal. Jan. 26, 2022) (identifying the movant with the largest financial interest based on loss alone); *In re Cheetah Mobile, Inc. Sec. Litig.*, No. 20-cv-5696, 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.") (quoting *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005)).

To calculate losses suffered courts in the Ninth Circuit typically use the last in, first out ("LIFO") method. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also Nicolow v. Hewlett Packard Co.*, No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (the "weight of authority" uses the LIFO method).

Here, the Maison Investor Group has a larger financial interest than the competing movants as measured by every factor:[2]

---

[2] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | Exchange Act LIFO Loss | Securities Act Loss |
|---|---|---|---|---|---|
| MIG | 140,633 | 103,658 | $1,419,465.71 | $1,285,529.61 | $295,425.30 |
| Ilsan Kim | 27,200 | 27,200 | $388,960.00 | $353,814.98 | $77,520.00 |
| Sungkyu Kim | 22,533 | 10,383 | $123,244.40 | $109,828.57 | $29,591.55 |

As such, the Maison Investor Group has the largest financial interest in the relief sought by the class. Since the Maison Investor Group also satisfies the requirements of Rule 23, and filed a timely motion, the Maison Investor Group is the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## III. THE PRESUMPTION THAT DOUGLAS IS THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II). No proof has been presented that the Maison Investor Group would be inadequate or subject to unique defenses. The Maison Investor Group is not aware of any possible basis for such a contention and has provided a joint declaration of its members attesting to the group's adequacy. *See* Dkt. No. 18-8. As such, the Maison Investor Group should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

## IV. THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also*

*Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class.").

Here, the Maison Investor Group has selected Glancy Prongay & Murray LLP to be lead counsel. The firm has decades of experience prosecuting securities class actions, and the expertise and resources needed to efficiently and effectively conduct this litigation. *See* Dkt. No. 18-7 (firm résumé). By approving the Maison Investor Group's selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, the Maison Investor Group's selection of lead counsel for the class should be approved.

## V.   CONCLUSION

For the foregoing reasons, the Maison Investor Group respectfully requests that the Court enter an Order: (1) appointing the Maison Investor Group as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

DATED:  March 13, 2024

**GLANCY PRONGAY & MURRAY LLP**

By:    *s/ Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160
Email:  clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant the Maison Investor Group and Proposed Lead Counsel*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for the Maison Investor Group, certifies that this brief contains 1,348 words, which complies with the word limit of L.R. 11-6.1.


DATED: March 13, 2024            *s/ Charles H. Linehan*
                                 Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old.  On March 13, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 13, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan
