# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GREEN AND EVGENIA NIKITINA, Individually And On Behalf Of All Others Similarly Situated<br><br>                              Plaintiffs,<br><br>            v.<br><br>MAISON SOLUTIONS INC., JOHN XU, ALEXANDRIA M. LOPEZ, TAO HAN, BIN WANG, MARK WILLIS, XIAOXIA ZHANG, JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC,<br><br>                              Defendants. | Case No. 2:24-cv-00063-SPG-KS<br><br>**ORDER GRANTING MAISON INVESTOR GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL [ECF NOS. 14, 18, 19]** |

Before the Court are the motions for the appointment of lead plaintiffs and corresponding approval of the selection of lead counsel filed by Ilsan Kim ("I. Kim"), (ECF No. 14 ("I. Kim Mot.")), the Maison Investor Group ("Maison Investors"), (ECF No. 18 ("Maison Mot.")), and Sungkyu Kim ("S. Kim"), (ECF No. 19 ("S. Kim Mot.")).  S. Kim and I. Kim both filed non-opposition motions to the competing motions.  (ECF Nos. 23, 24).  The Maison Investors filed an opposition to the competing motions.  (ECF No. 25).

-1-

Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds that the matter is suitable for resolution without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L. R. 7.15. For the reasons stated below, the Court **GRANTS** Maison Investor's Motion and **DENIES** the I. Kim and S. Kim Motions.

## I.    BACKGROUND

This Action was commenced on January 4, 2024, against Defendants Maison Solutions Inc., John Xu, Alexandria M. Lopez, Tao Han, Bin Wang, Mark Willis, Xiaoxia Zhang, Joseph Stone Capital, LLC, and AC Sunshine Securities LLC ("Defendants") for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. (ECF No. 1 ("Compl.") ¶ 1). Plaintiffs allege as follows.

Maison is a specialty grocery store retailer offering Asian food and merchandise to U.S. consumers. (*Id*. ¶ 2). On October 5, 2023, Maison filed its prospectus on Form 424B4 with the Securities and Exchange Commission. (*Id.*). In the initial public offering ("IPO"), Maison sold 2,500,000 shares of Class A common stock at a price of $4.00 per share. (*Id.* ¶ 3). Maison received net proceeds of approximately $10 million from the IPO. The proceeds from the IPO were purportedly to be used for new store acquisitions, expansion of the business, and the repayment of loans. (*Id.*).

On December 15, 2023, Hindenburg Research published a report about Maison, alleging potentially illegal activities by the company and its officers. (*Id.* ¶ 4). Because of this news, Maison's stock price fell $12.71 per share, or 83.6%, to close at $2.50 per share on Friday, December 15, 2023, on unusually heavy trading volume. (*Id.* ¶ 5). By the commencement of this action, Maison stock had traded as low as $1.50 per share. (*Id.* ¶ 6).

In its prospectus form and related documents, Defendants are alleged to have made materially false and/or misleading statements, as well as failed to disclose materially adverse facts about Maison's business, operations, and products. (*Id.* ¶ 7). As a result of Defendant's acts and omissions, and the "precipitous" decline in the market value of

Maison's securities, Plaintiffs and other class members allege "significant losses and damages." (*Id.* ¶ 8).

## II. LEGAL STANDARD

The Private Securities Litigation Reform Act ("PSLRA") imposes early notice requirements on plaintiffs:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

After the plaintiff satisfies the notice requirement, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that "the most adequate plaintiff":

> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). A competing putative class member may defeat this presumption with evidence "that the presumptively most adequate plaintiff" either "(aa)

will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## III.    DISCUSSION

### A.    Plaintiffs Satisfied the PSLRA's Notice Requirement

To comply with the PSLRA, a plaintiff must (1) publish notice within 20 days of filing their complaint in (2) " a widely circulated national business-oriented publication or wire service," advising the putative class of (3) "the pendency of the action, the claims asserted therein, and the purported class period," as well as that (4), not later than 60 days after the notice's publication, any member of the putative class may move to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).

Here, Plaintiffs published notice of this lawsuit on January 4, 2024, the same day Plaintiffs filed suit in this Court.  *Compare* (ECF No. 16-1 (Exhibit 1 to Declaration of Laurence M. Rosen ("Rosen Decl."))) *with* (Compl.).   Plaintiffs published notice in *Business Wire*, (Rosen Decl. Ex. 1), a national, widely-circulated, business-oriented wire service, (*see Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *4 (C.D. Cal. June 11, 2020)).   The notice states that "Glancy Pongay & Murray LLP ("GPM"), announces that it has filed a class action lawsuit in the United States District Court for the Central District of California . . . on behalf of persons and entities that purchased or otherwise acquired Maison Solutions . . . (a) class A common stock . . .; and/or (b) securities between **October 5, 2023 and December 15, 2023**, inclusive[.]"  (Rosen Decl. Ex. 1) (emphasis in original).  The notice goes on to describe the claims alleged, and notifies investors "that they have **60 days from the date of this notice** to move the Court to serve as lead plaintiff in this action." (*Id.*) (emphasis in original).  Thus, Plaintiffs notice in *Business Wire* satisfies the requirements of the PSLRA.

### B.    Selection of Lead Plaintiffs

Although three aspiring lead plaintiffs filed motions in response to Plaintiffs' notice, (ECF Nos. 14, 18, 19), putative class members I. Kim and S. Kim subsequently filed

notices of non-opposition to competing motions for appointment as lead plaintiff and approval of lead counsel. (ECF Nos. 23, 24). "Having reviewed the competing motions before the Court," S. Kim states, "it appears that Kim does not have the 'largest financial interest' in this litigation within the meaning of the PSLRA." (ECF No. 23 at 2). I. Kim represents, verbatim, that she likewise "does not appear to have the largest financial interest" within the meaning of the PSLRA. (ECF No. 24 at 2). Therefore, the court limits its analysis to Maison Investors' now unopposed Motion.

Under the PSLRA, the presumptively most adequate plaintiff (1) "either filed the complaint or made a motion in response to a notice under subparagraph (A)(i)"; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Additionally, although the PSLRA contemplates that the lead plaintiff may be a "group of persons" rather than a single individual, (15 U.S.C. § 78u-4(a)(3)(B)(iii)(1)), district courts applying the PSLRA have frequently construed this to mean a small group of manageable size that is capable of joint decision-making regarding the litigation.[1]

For the following reasons, the Maison Investors is the presumptively most adequate plaintiff. First, the Maison Investors satisfy requirement (1) by having timely filed the motion under discussion. The Court therefore moves to requirement (2). Second the Maison Investors represent that they have the largest financial interest in the relief sought by the class. (Maison Mot. at 2). "The Maison Investor Group purchased Maison securities during the Class Period and traceable to the Registration Statement at prices alleged to be artificially inflated by Defendants' misstatement and omissions and, as a result, suffered financial harm of approximately $1,285,529.61 for its Exchange Acct claims and

---

[1] *See, e.g., In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346 (S.D. Cal. 1998) (winnowing a proposed group of 250 to six, because "the idea of appointing over 250 unrelated individual investors as lead plaintiffs runs afoul of Congress' [] intent in enacting the PSLRA").

$295,425.30 for its Securities Act claims." (Maison Mot. at 6); *see also* (ECF No. 18-3 ("Linehan Decl.") Ex. C). The Maison Investors are "not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest." (Maison Mot. at 6). The Court is likewise not aware of any such plaintiff.[2] Third, the Maison Investors consist of five members. This group is small enough to possess the ability to control the litigation and the lawyers. Following *Yousefi*, "when courts appoint multiple class members as lead plaintiffs, they typically appoint less than ten plaintiffs." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1068 (C.D. 1999); *see also*, *In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. at 353 (allowing the aggregation of six plaintiffs).

Once a court "determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). To make this initial Rule 23 determination, the Court looks at the information provided by the plaintiff in its pleadings. *Id.* at 730. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). To determine Rule 23 adequacy, courts "ask two questions: (1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class

---

[2] Because no plaintiff represents that he or she has a greater financial stake than Maison Investors – indeed, the other two applicant plaintiffs have subsequently disclaimed any previous representations to that effect – the Court need not "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). Note, however, that "[i]f the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." (*Id.*). As discussed shortly, since the Maison Investors satisfy the Rule 23(a) criteria, this exception is not applicable.

members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, the Maison Investors allege that they satisfy both 23(a) requirements. They allege, regarding typicality: "Like all members of the Class, the Maison Investor Group purchased Maison securities during the Class Period and traceable to the Registration Statement and suffered losses as a result of its transactions." (Maison Mot. at 8). Regarding adequacy, the Maison Investors allege that the group's "financial interest demonstrates that it has sufficient incentive to ensure vigorous advocacy, and 'no evidence exists to suggest that [the Maison Investor Group is] antagonistic to other members of the class or their attorneys . . . .'" (Maison Mot. at 9) (internal citation omitted). Based on these pleadings, the Court finds that the Maison Investors satisfy—for the purposes of this motion—the 23(a) requirements. As such, the Court holds that the Maison Investors will be the lead Plaintiff in this case.

### C.    Selection of Class Counsel

The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(v). *See also In re Cavanaugh*, 306 F.3d 726, 733 n.11 (9th Cir. 2002) ("At a later stage in the proceedings, the district court must approve the lead plaintiff's choice of counsel, but Congress gave the lead plaintiff, and not the court, the power to select a lawyer for the class."). The Ninth Circuit recognizes "a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *Id.* at 734 n.14 (citation omitted).

Here, the Maison Investors have retained Glancy, Prongay & Murray LLP ("GPM") to litigate this matter on its behalf and seeks to retain GPM as its lead counsel. (Maison Mot. at 9). GPM is a well-regarded and successful Los Angeles based firm, which has "represented investors, consumers and employees for over 25 years." (Linehan Decl. Exh. D.). The Court approves Plaintiff's choice of counsel.

## IV. CONCLUSION

For the foregoing reasons, Maison Investors' Motion is **GRANTED**, I. Kim's Motion is **DENIED**, and S. Kim's Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated: April 4, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE