**AKERMAN LLP**
ELLEN S. ROBBINS (SBN 298044)
ellen.robbins@akerman.com
ALICIA Y. HOU (SBN 254157)
alicia.hou@akerman.com
ANDREA N. KHOURY (SBN 317275)
andrea.khoury@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

SCOTT KESSLER (admitted *pro hac vice*)
scott.kessler@akerman.com
ASHLEY AKAPO (admitted *pro hac vice*)
ashley.akapo@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile:  (212) 880-8965

Attorneys for Defendants
MAISON SOLUTIONS INC.; JOHN XU;
ALEXANDRIA M. LOPEZ; TAO HAN; BIN WANG;
MARK WILLIS; XIAOXIA ZHANG; JOSEPH STONE CAPITAL, LLC and
AC SUNSHINE SECURITIES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GREEN AND EVGENIA NIKITINA, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAISON SOLUTIONS INC., JOHN XU, ALEXANDRIA M. LOPEZ, TAO HAN, BIN WANG, MARK WILLIS, XIAOXIA ZHANG, JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC,<br><br>Defendants. | Case No. 2:24-cv-00063-SPG-KS<br><br>The Hon. Sherilyn Peace Garnett<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: January 4, 2024<br>Trial Date:         None<br><br>Hearing<br>Date: December 4, 2024<br>Time: 1:30 p.m.<br>Location: Courtroom 5C |

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..................................................................................1

II. REPLY ARGUMENT ............................................................................................3

    A.    THE SECURITIES ACT CLAIMS SHOULD BE DISMISSED ........3

        1)    Plaintiffs' Securities Act Claims Do Not Satisfy with Rule 9(b). ...............................................................................3

        2)    The Opposition Fails to Identify Any Misstatement or Omission. ........................................................................5

            a)    The Opposition Fails to Show How the Amended Complaint Sufficiently Pleads An Actionable Omission With Regards to Statements Relating to Pending Litigation ...............................................5

            b)    The Opposition Fails to Show How the Amended Complaint Properly Pleads An Actionable Omission With Regards to Related Party Transactions...................8

    B.    PLAINTIFFS DO NOT PROPERLY STATE AN EXCHANGE ACT CLAIM.........................................................11

        1)    The Amended Complaint Fails to Plead an Actionable Misstatement or Omission. ..............................................11

            a)    Disclosure of a Pending Lawsuit...................................11

            b)    Disclosure of Related Party Transactions .....................12

        2)    The Amended Complaint Fails to Plead a Strong Inference of Scienter. .................................................................13

        3)    The Amended Complaint Fails to Plead Loss Causation. ........16

    C.    THE BESPEAKS CAUTION DOCTRINE REQUIRES DISMISSAL......................................................................17

    D.    THE AMENDED COMPLAINT FAILS TO PROPERLY PLEAD CONTROL PERSON LIABILITY ......................................18

        1)    Plaintiffs have Improperly Plead Plausible Claims Under Section 15 of the Securities Act and Section 20(A) of the Exchange Act ...............................................................18

    E.    ANY REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED .............................................................................18

III. CONCLUSION......................................................................................................19

CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abdo v. Fitzsimmons*,
   2017 U.S. Dist. LEXIS 228340 (N.D. Cal. Nov. 3, 2017) ................................. 15

*Broadcom Corp. v. NXP Semiconductors N.V.*,
   2014 WL 12577095 (C.D. Cal. Mar. 12, 2014) ................................................... 19

*Brody v. Transitional Hosps. Corp.*,
   280 F.3d 997 (9th Cir. 2002) ............................................................................. 11

*Brown v. Ambow Educ. Holding Ltd.*,
   2014 U.S. Dist. LEXIS 18809 (C.D. Cal. Feb. 6, 2014) .................................... 16

*Ctr. for Bio. Diversity v. United States Forest Serv.*,
   80 F.4th 943 (9th Cir. 2023) .............................................................................. 19

*Deadco Petroleum, FKA v. Trafigura AG*,
   617 F. App'x 636 (9th Cir. 2015) ....................................................................... 17

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ........................................................................... 19

*Espinoza v. Whiting*,
   8 F.Supp.3d 1142 (E.D. Mo. 2014) .................................................................... 14

*Glazer Cap. Mgmt., LP v. Magistri*,
   549 F.3d 736 (9th Cir. 2008) ............................................................................. 15

*Gompper v. VISX, Inc.*,
   298 F.3d 893 (9th Cir. 2002) ............................................................................. 13

*In re Am. Apparel, Inc. Shareholder Litig.*,
   No. CV 10-06352-MMM, 2013 WL 174119 (C.D. Cal. Jan. 16, 2013) ............ 14

*In re Calpine Corp. Sec. Litig.*,
   288 F.Supp.2d 1054 (N.D. Cal. 2003) ................................................................ 10

*In re China Mobile Games & Entertainment Grp., Ltd. Sec. Litig.*,
   2016 WL 922711 (S.D.N.Y. March 7, 2016) ....................................................... 9

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

## **TABLE OF AUTHORITIES**

**Page**

*In re Convergent Techs. Sec. Litig.*,
  948 F.2d 507 (9th Cir. 1991) ....................................................................................17

*In re Downey Sec. Litig.*,
  2009 U.S. Dist. LEXIS 83443 (C.D. Cal. Aug. 21, 2009) ..............................14

*In re Gupta Corp. Sec. Litig.*,
  900 F.Supp. 1217 (N.D. Cal. 1994).....................................................................9

*In re Nektar Therapeutics Securities Litigation*,
  34 F.4th 828 (2022) ....................................................................................9, 12

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) .............................................................................18

*In re PetSmart, Inc. Sec. Litig.*,
  61 F.Supp.2d 982 (D. Ariz. 1999) .........................................................................8

*In re QuantumScape Sec. Class Action Litig.*,
  580 F.Supp.3d 714 (N.D. Cal. 2022).....................................................................8

*In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*,
  697 F.3d 869 (9th Cir. 2012) .........................................................................3, 4

*In re Sentinelone, Inc. Sec. Litig.*,
  2024 WL 3297150 (N.D. Cal. July 2, 2024) ....................................................15

*In re Snap Inc. Sec. Litig.*,
  No. 217CV03679SVWAGR, 2018 WL 2972528 (C.D. Cal. June 7, 2018)....5, 6

*In re Stac Elecs. Sec. Litig.*,
  89 F.3d 1399 (9th Cir. 1996) .........................................................................4, 17

*In re Vivendi, S.A. Sec. Litig.*,
  838 F.3d 223 (2d. Cir. 2016) .............................................................................16

*In re Wet Seal, Inc. Sec. Litig.*,
  518 F. ............................................................................................................14

*Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*,
  998 F.3d 397 (9th Cir. 2021) .........................................................................11, 17

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

iii                                    CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

**TABLE OF AUTHORITIES**

**Page**

*Loos v. Immersion Corp.*,
762 F.3d 880 (9th Cir. 2014) ................................................................16

*Macquarie Infrastructure v. Moab Partners*,
144 S.Ct. 885 (2024) .............................................................................11

*May v. KushCo Holdings, Inc.*,
2020 U.S. Dist. LEXIS 213905 (C.D. Cal. Sept. 25, 2020) ...............14

*Metzler Inv. GMBH v. Corinthian Colls., Inc.*,
540 F.3d 1049(9th Cir. 2008) ...............................................................13

*Nguyen v. Endologix, Inc.*,
962 F.3d 405 (9th Cir. 2020) ...................................................................1

*Nozak v. N. Dynasty Minerals Ltd.*,
804 F. App'x 732 (9th Cir. 2020) ........................................................16

*Petrie v. Elec. Game Card Inc.*,
No. SACV 10–00252 ............................................................................14

*Rubke v. Capital Bancorp*,
551 F.3d 1156 (9th Cir. 2009) ............................................................4, 7

*Ryan v. FIGS*,
2024 WL 187001 (C.D. Cal. Jan. 17, 2024) ..........................................4

*South Ferry LP, No. 2 v. Killinger*,
542 F.3d 776 (9th Cir. 2008) ................................................................13

*STEC Inc. Sec. Litig.*,
2011 WL 4442822 (C.D. Cal. Jan. 10, 2011) .........................................4

*Studen v. Funko, Inc.*,
2024 WL 2209686 (W.D. Wash. May 16, 2024) ..................................15

*Tabor v. Bodisen Biotech, Inc.*,
579 F.Supp.2d 438 (S.D.N.Y. 2008) .......................................................9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007) ..........................................................................13, 15

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

# TABLE OF AUTHORITIES

**Page**

*Vess v. Ciba–Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ....................................................................................4

**Statutes**

15 U.S.C. § 78u-4(b)(1)(B)......................................................................................5, 12

15 U.S.C. § 78u-4(b)(4) ...............................................................................................11

Securities Exchange Act §10(b) ...............................................................4, 5, 12, 18

**Rules**

FRCP Rule 9(b) ...............................................................................................passim

L.R. 11-6.1 .....................................................................................................................20

Rule 10b-5.............................................................................................................13, 18

Rule 12(b)(6)..................................................................................................................16

**Other Authorities**

17 C.F.R § 229.403(a) .....................................................................................................8

17 C.F.R § 229.404(a) .....................................................................................................8

17 CFR §229.103 (a) .......................................................................................................6

17 CFR §229.103 (b) .......................................................................................................6

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Defendants MAISON SOLUTIONS INC.; JOHN XU; ALEXANDRIA M. LOPEZ; TAO HAN; BIN WANG; MARK WILLIS; XIAOXIA ZHANG; JOSEPH STONE CAPITAL, LLC and AC SUNSHINE SECURITIES LLC (collectively, "Defendants") respectfully submit this Reply Memorandum of Points and Authorities in Further Support of their Motion to Dismiss the Amended Class Action Complaint. [Doc. 40]

## I. PRELIMINARY STATEMENT

Plaintiffs' Amended Class Action Complaint ("AC" or "Amended Complaint") and Opposition (the "Opposition" or the "Opp.") to Defendant's Motion to Dismiss ("MTD") rest entirely on two principal grounds: that Defendants failed to disclose (1) a pending litigation and (2) purported related party transactions in Defendants' Initial Public Offering ("IPO"). (AC ¶97-110, Opp. at 8, ¶16-20; 17, ¶15-21.) No matter the presumptions and liberal construction afforded to such allegations, they do not sufficiently state violations of the Federal Securities Act or the Exchange Act and they fail to meet the heightened pleading standards required for bringing a fraud claim. Fatally, Plaintiffs' Securities Act and Exchange Act claims do not plead falsity with the requisite particularity required by the Private Securities Litigation Reform Act ("PSLRA") and Federal Rule of Civil Procedure ("FRCP") 9(b).

Both the PSLRA and controlling Ninth Circuit law require district courts to "carefully [] evaluate securities fraud complaints" and perform a vital gatekeeper role to "ensure compliance with the [PSLRA's] elevated pleading standards." *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 413-14 (9th Cir. 2020). Defendants' motion to dismiss (the "MTD") [Doc. 40] demonstrated that the Amended Complaint falls far short of meeting this heightened pleading standard, and the claims fail as a matter of law.

In their operative pleading, Plaintiffs identify no affirmative omission or misstatement, and instead base their claims on a speculative Hindenburg short-seller attack. Such a tactic is unsupported by both law and fact. Notably, the Opposition does

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

nothing to overcome these and other critical flaws and instead continues to insist that the Court accept as true statements included in a short-seller attack.

*First*, the Opposition does not identify any actionable misstatement or material omission to support a Federal Securities Fraud claim. Simply listing a number of "reasons" why statements or omissions were purportedly false or misleading is insufficient under the PSLRA or Rule 9(b). *See, infra*, Section III. A.

*Second*, the Opposition fails to adequately plead a strong inference of scienter. Without allegations from confidential witnesses or insider stock sales, the Amended Complaint relies solely on circumstantial evidence that is too thin to demonstrate a strong inference of scienter. Whether considered individually or collectively, the allegations fail to meet the requisite strong inference of scienter necessary to sustain the claims. *See, infra*, Section III. B.

*Third*, the Opposition fails to adequately plead loss causation. Significantly, loss causation cannot be established where the alleged fraud was "revealed" though a self-interested short-seller attack based solely on publicly available information. *See, infra*, Section III. B.

*Fourth*, the Opposition does not meet the pleading requirements to properly apply the Bespeaks Caution Doctrine. *See, infra*, Section III. C.

*Fifth*, the Opposition merely provides further conclusory allegations that Individual Defendants were control persons in theory, which is insufficient to meet the pleading requirements under Section 15 of the Securities Act of 1933. *See, infra*, Section III. D.

*Lastly*, the Opposition offers nothing more than a recitation of the elements of a Section 20(a) claim, which is not enough to survive dismissal. *See, infra*, Section III. D.

Given this context, the Opposition [Doc. 46] fails to save Plaintiffs' unmeritorious claims, particularly when measured against the heightened pleading

CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

standards of the PSLRA and FRCP 9(b). The Opposition attempts to obscure these defects by presenting mere conclusions and speculation as though they were facts. It furthermore relies on inferences that are unsupported by the factual allegations or are contradicted by other allegations. Plaintiffs then exacerbate these errors by misapplying or misconstruing the applicable law or ignoring it when it does not benefit their position. As a result, the Amended Complaint falls far short of pleading plausible claims, and the Opposition does not obliviate these procedural defects. Given these fundamental and incurable shortcomings, the MTD should be granted and the claims against Defendants should be dismissed with prejudice.

## II. REPLY ARGUMENT

### A.    THE SECURITIES ACT CLAIMS SHOULD BE DISMISSED

#### 1)    Plaintiffs' Securities Act Claims Do Not Satisfy with Rule 9(b).

The Opposition argues that FRCP 9(b) does not apply to their Securities Act claims because the Section 11 claim is separate from the fraud-based claims and does not sound in fraud. (Opp. at 6:3-9.) But the Amended Complaint alleges otherwise. The Securities Act section of the Amended Complaint, including the factual background, is nearly identical to the Exchange Act section, with significant portions simply copied and pasted. (Compare AC ¶¶93-110 with 111-167.) Plaintiffs also concede that their Securities Act claims challenge the same IPO statements as the Exchange Act claims. (Opp. at 8:16-20, 17:15-21.)

When, as in this case, the Securities Act claims rely on the same factual allegations and challenge the same alleged misrepresentations and omissions as Exchange Act claims, they sound in fraud. *In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*, 697 F.3d 869, 885 (9th Cir. 2012) (Investor's claim under Securities Act provision creating liability for misstatements in registration statements was grounded in fraud, and therefore subject to particularity requirements for pleading fraud generally; complaint relied on the same alleged misrepresentations

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

from press release that were central to investor's section 10(b) fraud claim.); *Rubke v. Capital Bancorp,* 551 F.3d 1156, 1161 (9th Cir. 2009) (Fraud pleading particularity rule applied to Securities Act false registration claims that were contained in complaint that employed exact same factual allegations to allege fraudulent conduct under § 10(b) of Securities Exchange Act; Securities Act claim could be assumed to sound in fraud.).[1]

The particularity requirements of Rule 9(b) apply to claims brought under Section 11 when, as here, they are grounded in fraud. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996). Plaintiffs do not, and cannot, distinguish the negligence-based claims from the fraud-based claims. Therefore, Plaintiffs' efforts to avoid pleading with particularity are unconvincing because the gravamen of the Amended Complaint is plainly fraud, and no effort has been made to show any other basis for the claims levied at the IPO or asserted in the Amended Complaint.  *See id*. (Section 11 claim joined with a Section 10(b) claim is subject to Rule 9(b) where the plaintiff makes only "nominal efforts" to plead a negligence-based claim).

Considering the actual allegations of the Amended Complaint, Plaintiffs cannot evade this requirement merely by disclaiming fraud in the Opposition. *In re Rigel Pharms.,* 697 F.3d 869, 885. "To ascertain whether a complaint 'sounds in fraud,' we must normally determine, after a close examination of the language and structure of the complaint, whether the complaint 'allege[s] a unified course of fraudulent conduct' and 'rel[ies] entirely on that course of conduct as the basis of a claim.'" *Rubke*, 551 F.3d at 1161 (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003)) (alterations in original). While a plaintiff "may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct" (*Vess*, 317 F.3d at 1104; *Rigel Pharms*., 697 F.3d at 885–86 (MTD at 7-9)), that is not what Plaintiffs have done here.

---

[1] *Accord Ryan v. FIGS,* 2024 WL 187001, *15 (C.D. Cal. Jan. 17, 2024); *In re STEC Inc. Sec. Litig.,* 2011 WL 4442822, *2 (C.D. Cal. Jan. 10, 2011).

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Rather, the entire Amended Complaint alleges fraud and relies on allegations of Defendants' unified course of alleged fraudulent conduct for both the Securities Act and Exchange Act violations, which are based on the *identical* challenged statements in the IPO. Moreover, while Plaintiffs allege that they have separated out the fraud allegations from their Section 11 claims (Opp. at 6), the Amended Complaint demonstrates the opposite. (AC ¶¶93-110, 111-167.) (Opp. at 8:16-20, 17:15-21.) A simple comparison of the alleged Securities Act Section 11 and Exchange Act Section 10(b) violations in the Amended Complaint reveals that the same allegations are pleaded in support of both claims. Furthermore, Plaintiffs' claims fail to plead facts with particularity as to each defendant for any of the Securities Act claims and therefore should be dismissed. Since Plaintiffs have not "separated" out their fraud-based claims nor disclaimed any fraud components, as they argue in the Opposition, their Section 11 claims are subject to the heightened pleading standards of FRCP 9(b) and the PSLRA (15 U.S.C. § 78u-4(b)).

Because Plaintiffs' Section 11 claims sound in fraud and Plaintiffs have failed to allege these claims with particularity, their claims must be dismissed as a matter of law for failing to meet the heightened pleading standards of FRCP 9(b) and PSLRA.

**2)    The Opposition Fails to Identify Any Misstatement or Omission.**

Plaintiffs base their Section 11 claim on two categories of alleged misleading statements and omissions in the IPO Registration Statement: (1) the pendency of the *Zang* action and (2) the existence of allegedly undisclosed related party transactions. (Opp. at 8.) These broad and conclusory assertions, even if assumed to be true, fail to present facts sufficient to establish a securities fraud claim.

**a)    The Opposition Fails to Show How the Amended Complaint Sufficiently Pleads An Actionable Omission With Regards to Statements Relating to Pending Litigation**

Plaintiffs cite *In re Snap Inc. Sec. Litig.*, No. 217CV03679SVWAGR, 2018 WL

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

2972528, at *8 (C.D. Cal. June 7, 2018) to argue that they properly pleaded a Section 11 claim because Defendants failed to disclose a material pending litigation under Item 103 of Regulation S-K. (Opp. at 9). However, Plaintiffs' arguments are misplaced.

Pursuant to 17 CFR §229.103 (a) – Item 103, registrants must "[d]escribe briefly any <u>material</u> pending legal proceedings, <u>other than ordinary routine litigation incidental to the business</u>, to which the registrant or any of its subsidiaries is a party or of which any of their property is the subject…" (emphasis added). Additionally, 17 CFR §229.103 (b), clarifies that legal proceedings do not need to be disclosed if the following conditions exist:

> That involved negligence or other claims or actions if the business ordinarily results in such claims or actions, unless the claim or action departs from the normal kind of such claims or actions; or
> That involve primarily a claim for damages if the amount involved, exclusive of interest and costs, does not exceed 10 percent of the current assets of the registrant and its subsidiaries on a consolidated basis. However, if any proceeding presents in large degree the same legal or factual issues as other proceedings pending or known to be contemplated, the amount involved in such other proceedings shall be included in computing such percentage.

In *In re Snap Inc. Sec. Litig.,* the District Court found that the defendant "concealed" a credible pending litigation that posed a significant risk to the company because it could impact the company's daily active user calculations, which were central to representations made to investors about the company's health. Additionally, that litigated matter was initially sealed and thus not publicly available to potential investors. *In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *3 (C.D. Cal. June 7, 2018). However, such circumstances do not exist here.

As relevant here, the plaintiff in the *Zang* action brought claims against Hong Kong Supermarket of Monterey Park, CA - which is neither a party to this case, nor is it one of Maison's four wholly-owned subsidiaries - alleging violations of immigration laws. Significantly, "Hong Kong Supermarket" is pled as an entity of unknown

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

corporate status within the *Zang* complaint and that the allegations against "Hong Kong Supermarket" are threadbare. Additionally, the *Zang* action, is immaterial to the business operations or financial health of Maison. A mere review of the allegations in the *Zang* complaint demonstrate that the crux of that action centered on alleged representations made to the plaintiff by the Meiju Group, David Chang, and J&C International regarding immigration services provided to Chinese nationals. Zang alleges that those defendants submitted papers to United States Citizenship and Immigration Services on his behalf making false representations with respect to an L-1A work visa and his employment status with defendants. Plaintiffs, here, have failed to allege any way how *Zang* is material or how the outcome of *Zang* could have an adverse effect on Maison stock.

Beyond Plaintiffs' failure to allege materiality, companies are not required to disclose "information already in the public domain." *Rubke*, 551 F.3d at1162-63 (citation omitted). The publicly filed *Zang* litigation was available at all relevant times to all investors and Plaintiffs. Plaintiffs' assertion that the *Zang* action was a "secret" or that the "publicly available information [was] on some webpage tucked in a deep corner of the internet" (citing, *In re Genius Brands Int'l, Inc. Sec. Litig.,* 97 F.4th 1171,1186 (9th Cir. 2024) (Opp. at 11) is unconvincing and simply not true. Directly contradicting Plaintiffs' absurd assertion and by way of Plaintiffs' own admission, Hindenburg was able to locate the public information on the Los Angeles Superior Court's website with apparent ease, which Plaintiffs could have done just as well with minimal effort. (Opp. at 3:22-24.)

Defendants' alleged omission regarding the *Zang* action is neither material, nor were Defendants required to disclose information about the publicly available litigation. Therefore, this alleged omission cannot form the basis of a Section 11 claim and dismissal is warranted.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### b) The Opposition Fails to Show How the Amended Complaint Properly Pleads An Actionable Omission With Regards to Related Party Transactions

Plaintiffs argue that certain entities, including Good Fortune Supermarket San Gabriel, LP, Good Fortune Supermarket of Monrovia, LP, HK Good Fortune Supermarket, Super HK of El Monte, Inc., HKGF Market of Alhambra, Inc., GF Supermarket of MP, Inc., and XHJC Holding, Inc. (collectively, the "Purported Related Third Parties"), are related parties because Defendant Xu allegedly controlled them prior to acquisition. (Opp. at 12-13) However, Regulation S-K Item 404 only requires disclosure if a related party has a material interest of over 5%. (17 C.F.R § 229.404(a) and 229.403(a)). Plaintiffs have not pled that Defendants had a material interest exceeding 5% in the Purported Related Third Parties.

Plaintiffs' basis for this alleged violation centers on the claim that Defendants purportedly share common mailing addresses with the Purported Related Third Parties based on publicly available Articles of Incorporation. Additionally, based on Defendant Xu's executive title within each Purported Related Third Party, Plaintiffs impute an argument that Xu "had the ability to significantly influence all entities, and thus they were related parties that should have been disclosed" as a result of Xu's alleged control. (Opp. at 12:20-23, 13:1-11.)

First, the mere fact that companies share an address is insufficient to establish that they are related parties under the required heightened pleading standards. *See In re QuantumScape Sec. Class Action Litig.*, 580 F.Supp.3d 714, 729 (N.D. Cal. 2022) (The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."); *In re PetSmart, Inc. Sec. Litig.*, 61 F.Supp.2d 982, 996 (D. Ariz. 1999) ("Beyond their conclusory allegations, plaintiffs provide no specifics as to the 'adverse impacts' omitted from the defendants' public statements beyond a vague reference in paragraph 93 to lost sales, nor do they

indicate which transactions between MMI and PETsMART were 'material related party transactions' which should have been disclosed pursuant to generally accepted accounting principles. These claims do not even approach the level of particularization required under the PSLRA.")

All relevant company addresses were publicly available, meaning investors had access to the same information as Defendants. Therefore, any alleged omission is by definition immaterial. *In re Nektar Therapeutics Securities Litigation*, 34 F.4th 828, 839 (2022). Additionally, Plaintiffs' reliance on shared business addresses between the Defendants and these Purported Related Third Parties (which were publicly available to all investors) is not sufficient to allege a controlling relationship.

With respect to their control argument, Plaintiffs argue that by virtue of Defendant Xu's role as the agent for service of process and manager of the general partners for Good Fortune San Gabriel and Good Fortune Monrovia, these allegations satisfy a showing that these entities were under Maison's control due to the common control of Xu and/or that Xu had the ability to significantly influence these entities. (Opp. at 13:4-11.) Yet, these mere conclusory allegations are not sufficient to support a finding that Xu had any real control or influence over these Purported Third Parties, or that Xu exerted any real control over these entities. *See In re Gupta Corp. Sec. Litig.*, 900 F.Supp. 1217, 1243 (N.D. Cal. 1994) ("Because plaintiffs have not alleged any facts suggesting that either Novell, Rekhi or Carlisle exerted real control or influence over Gupta, plaintiffs' control person allegations against Novell, Rekhi and Carlisle are dismissed"); *In re China Mobile Games & Entertainment Grp., Ltd. Sec. Litig.*, 2016 WL 922711 (S.D.N.Y. March 7, 2016) (holding no actionable misstatement or omission where plaintiffs failed to plead facts "showing that there were related-party transactions to disclose" because no pleading of facts that individual held decision-making power over supposed related- party); *Tabor v. Bodisen Biotech, Inc.*, 579 F.Supp.2d 438, 450-51 (S.D.N.Y. 2008) (because plaintiffs did not allege ownership, management, control,

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

or significant influence, there was no duty for defendant to disclose its relationship or transactions)).

First, Defendants' Prospectus made the necessary disclosures about the relationship between Defendant Xu and J&C. (MTD at 4). But more so, Plaintiffs provide no basis for their "controlling relationship" argument other than the mere fact that Defendant Xu is listed as an agent for service of process or holds an executive role within each Purported Related Third Party. Indeed, Plaintiffs' argument that Defendant Xu had control over each Purported Related Third Party is completely derived from the Hindenburg short-seller attack. Plaintiffs' argument that they have not relied on the short-seller attack, but rather independent investigation and verification of facts (Opp. at 15:21-28, 16:1-4) is not compelling considering that the facts alleged in the Amended Complaint are nothing more than a complete repetition of the purported facts stated in the short-seller attack without any deviation.

Plaintiffs request that this Court draw inferences of a so-called securities violation against Defendants based on a short-seller's report's attributions. As noted in *In re Calpine Corp. Sec. Litig.*, 288 F.Supp.2d 1054, 1089 (N.D. Cal. 2003): "Plaintiffs evidently desire the Court to infer by innuendo that Calpine violated federal securities laws . . . This practice is utterly unacceptable, and Plaintiffs' refusal to subject their allegations and theories to serious scrutiny before inserting them in the [complaint] has wasted the Court's time."

In conclusion, Plaintiffs' claims fail to provide a valid basis for a Section 11 claim. Therefore, the motion to dismiss should be granted.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

## B.    PLAINTIFFS DO NOT PROPERLY STATE AN EXCHANGE ACT CLAIM

### 1)    The Amended Complaint Fails to Plead an Actionable Misstatement or Omission.

The Opposition fails to adequately refute Defendants' contentions that the Amended Complaint fails to sufficiently allege falsity, scienter, and loss causation with the requisite particularity. Due to a lack of clear allegations of falsity that meet the requirements of FRCP 9(b) and the PSLRA, Defendants' MTD should be granted.

To establish a securities fraud violation under the Securities Exchange Act, "the plaintiff shall have the burden of proving that the act or omission of the defendant ... caused the loss for which the plaintiff seeks to recover damages." (15 U.S.C. § 78u-4(b)(4). *Irving Firemen's Relief & Ret. Fund v. Uber Techs., Inc.*, 998 F.3d 397, 404 (9th Cir. 2021).)

#### a)    Disclosure of a Pending Lawsuit

Plaintiffs essentially rehash their Section 11 allegations in their Securities Act claim. The Amended Complaint claims that Defendants failed to disclose a pending lawsuit involving Defendant Xu in the IPO Registration Statements and conclusory alleges that this lawsuit could have materially affected Defendants' business operations or influenced potential investors' decisions to purchase Maison stock. However, disclosure is required "only when necessary to make … statements made, in the light of the circumstances under which they were made, not misleading." (*Macquarie Infrastructure v. Moab Partners*, 144 S.Ct. 885, 892 (2024) (omission must "render[] affirmative statements made misleading").)

Further, to be actionable under the securities laws, an omission must be misleading by "affirmatively creat[ing] an impression of a state of affairs that differs in a material way from the one that actually exists." (*Brody v. Transitional Hosps. Corp.*,

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

280 F.3d 997, 1006 (9th Cir. 2002); *Intuitive Surgical, Inc.*, 759 F.3d 1051, 1061 (9th Cir. 2014) (declining to impose a "rule of completeness" for securities disclosures).)

There is no doubt that the *Zang* litigation is not material, and failure to disclose this pending litigation in the registration statement does not make Defendants' statement misleading. The allegations in the *Zang* litigation demonstrate that the lawsuit concerns alleged representations made to the plaintiff regarding immigration services provided to Chinese nationals. Zang's action does not involve any Maison entities and none of the allegations therein have a material impact on Maison. Plaintiffs have not alleged or argued how the *Zang* litigation is related or material to Maison's IPO, and therefore, Plaintiffs cannot support a claim for purported omissions. Plaintiffs' allegations concerning the "undisclosed" lawsuit are based on publicly available information, negating any argument that the omission was misleading. (*In re Nektar Therapeutics Sec. Litig.*, 34 F.4th at 836-37.) Because Plaintiffs fail to provide any evidence of actionable misstatements or omissions, this cause of action should be dismissed with prejudice.

### b) Disclosure of Related Party Transactions

The related party transactions allegations also fail because none of these transactions are sufficiently tied to a particular statement, representation, or action of the part of Defendants which was factually false or misled investors. Plaintiffs' generic assertions are uncompelling.

Rather than addressing the pleading deficiencies raised in the MTD, the Opposition merely rehashes its prior discussion of falsity in the context of the Section 11 claim. (Opp. at 19-20.) Yet, no actionable misstatement or omission has been pleaded under Section 10(b), nor have Plaintiffs met the heightened pleading standards.

These circuitous allegations fail to answer the questions that the PSLRA requires them to answer: *why* the numbers on the filings were false, or *how* the information in the filing had a tendency to mislead. 15 U.S.C. § 78u-4(b)(1)(B) (requiring that

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

securities fraud complaints "specify . . . the reason or reasons why the statement is misleading"). "By requiring specificity, § 78u-4(b)(1) prevents a plaintiff from skirting dismissal by filing a complaint laden with vague allegations of deception unaccompanied by a particularized explanation stating *why* the defendant's alleged statements or omissions are deceitful." *Metzler Inv. GMBH v. Corinthian Colls., Inc.,* 540 F.3d 1049, 1061(9th Cir. 2008).

Plaintiffs' conclusory allegations of the filings' falsity are neither cogent nor compelling and fail to set forth any substantial basis for the proposition that Defendants, through the filings, lied to or misled investors. Thus, Defendants' alleged concealment or omission of these related party transactions does not support a Rule 10b-5 fraud claim.

**2)  The Amended Complaint Fails to Plead a Strong Inference of Scienter.**

The Opposition fails to overcome the Amended Complaint's fundamental flaw in failing to plead a strong inference of scienter for each Defendant. Scienter is defined as "a mental state embracing intent to deceive, manipulate, or defraud," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007). Under the PSLRA, the Court must compare allegations of scienter with other plausible explanations for the allegedly false or misleading statements to determine whether there is a "cogent and compelling" inference of scienter which is "strong in light of other explanations." *South Ferry LP, No. 2 v. Killinger,* 542 F.3d 776, 782 (9th Cir. 2008). Courts must therefore "consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.,* 298 F.3d 893, 896 (9th Cir. 2002). To do otherwise "would be to eviscerate the PSLRA's strong inference requirement by allowing plaintiffs to plead in a vacuum." *Id.*

Numerous courts in the Ninth Circuit have held that allegations grouping several defendants together, with no particularized facts alleged as to each defendant, are insufficient to plead the defendant's state of mind (that is, to plead scienter) with the

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

particularity required by the PSLRA. *See In re Am. Apparel, Inc. Shareholder Litig.,* No. CV 10-06352-MMM (JCGx), 2013 WL 174119, at *25 (C.D. Cal. Jan. 16, 2013) (collecting cases) ("Courts within the Ninth Circuit have . . . largely concluded that group pleading is not compatible with the PSLRA's requirements."); *see also Petrie v. Elec. Game Card Inc.,* No. SACV 10–00252 DOC (RNBx), 2011 WL 165402, at *3 (C.D. Cal. Jan. 12, 2011) ("Although the Ninth Circuit has yet to squarely address the issue, the majority of district courts within the Circuit to confront the group pleading doctrine post-*Tellabs* have decided that the doctrine did not survive. The Central District of California, in particular, appears to be unanimous in this conclusion.").

Significantly, there is no strong inference of scienter for any Defendant in this case – i.e., there are no insider stock sales or other indicia of personal benefit. *See In re Downey Sec. Litig.*, 2009 U.S. Dist. LEXIS 83443, at *43 (C.D. Cal. Aug. 21, 2009) ("A strong inference of scienter is negated when there is an absence of stock sales or where such sales are minimal") (citing *In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1117 (9th Cir. 1989)); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Stipp. 2d 1148, 1177-78 (C.D. Cal. 2007) ("the lack of any tangible, personal benefit here further weighs against the Officer Defendants having scienter") (internal citations omitted); *Espinoza v. Whiting*, 8 F.Supp.3d 1142, 1153 (E.D. Mo. 2014) (complaint failed to allege scienter where "Plaintiffs provided] no confidential witness information" because "[c]onjecture alone does not suffice"), aff 'd, 790 F.3d 828 (8th Cir. 2015).

Here, Plaintiffs make no distinction among the actions taken and the intentions held by the Individual Defendants with respect to the related party transactions. First, the Opposition does not dispute that the Amended Complaint "impermissibly groups all of the Individual Defendants together," without particularized facts demonstrating that Maison or the Individual Defendants engaged in fraudulent conduct. (*May v. KushCo Holdings, Inc.*, 2020 U.S. Dist. LEXIS 213905, at *22 (C.D. Cal. Sept. 25, 2020).) Allegations under the group pleading doctrine must state with particularity facts

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

indicating that each individual defendant was directly involved in preparing the allegedly misleading statements. (*Abdo v. Fitzsimmons*, 2017 U.S. Dist. LEXIS 228340, at \*27 (N.D. Cal. Nov. 3, 2017).) Here, the claim that the Individual Defendants "possessed the power and authority to control the contents of the Company's reports to the SEC" falls short of this requirement. (*Id.*, at \*28-29.) Further, Plaintiffs do not even provide any information substantiating the position that each individual defendant was involved in preparing allegedly misleading statements.

Second, the MTD demonstrated that the Amended Complaint's collection of scienter allegations lacks factual particularity and is less compelling than competing innocent inferences. (MTD at 17-19.) Plaintiffs point to no alleged facts to support any inference, much less a "strong inference," that any individual Defendant either intentionally lied or acted with deliberate recklessness as to the statement's truth, as is required by the PSLRA. (*Glazer Cap. Mgmt., LP v. Magistri,* 549 F.3d 736, 745 (9th Cir. 2008).) Plaintiffs' argument that Defendants acted with scienter thus fails. Moreover, Plaintiffs failed to plead that Defendants Xu, Lopez, Han, Wang, Willis, or Zhang acted recklessly or intentionally signed filings they knew contained material misstatements.

Plaintiffs' conclusory claims that the Individual Defendants knew their statements were false are insufficient. (Opp. at 17-20) (*See Studen v. Funko, Inc.,* 2024 WL 2209686 at \*17-18 (W.D. Wash. May 16, 2024).) Plaintiffs' individual scienter theories are equally deficient when considered "holistically." (*Tellabs,* 551 U.S. at 326.) Plaintiffs cannot "*infer from [an] inference* that [Defendants] acted with scienter…because stacking inference upon inference in this manner violates the [PSLRA]'s mandate that the strong inference of scienter be supported by facts, not other inferenc es [sic]." (*In re Sentinelone, Inc. Sec. Litig.,* 2024 WL 3297150 at \*7 (N.D. Cal. July 2, 2024) (citation and quotation marks omitted).) Significantly, none of Plaintiffs' scattershot scienter theories include any allegation linking any Individual

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Defendant to specific knowledge that contradicted their statements. Viewing Plaintiffs' various theories together does not remedy that fatal deficiency.

Finally, the Opposition argues that scienter should be imputed to the company due to the alleged scienter of the Individual Defendants. (Opp. at 18-20.) However, even if the Ninth Circuit were to adopt the corporate scienter doctrine (which it has not), Plaintiffs have not alleged a "dramatic" falsehood warranting its application. (*Nozak v. N. Dynasty Minerals Ltd.*, 804 F. App'x 732, 734 (9th Cir. 2020) (quoting *Cohen v. In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063 (9th Cir. 2014).)

### 3)      The Amended Complaint Fails to Plead Loss Causation.

The Opposition incorrectly claims that analyzing loss causation at this stage is "burdensome." (Opp. at 23.) However, courts in the Ninth Circuit routinely apply Rule 12(b)(6) when a complaint shows that the plaintiff cannot establish loss causation. (*Brown v. Ambow Educ. Holding Ltd.*, 2014 U.S. Dist. LEXIS 18809, at *40-41 (C.D. Cal. Feb. 6, 2014); *Loos v. Immersion Corp.*, 762 F.3d 880, 887 (9th Cir. 2014).)

Plaintiffs concede that to plead loss causation they must identify a "corrective disclosure" that *corrects* and *reveals* prior fraud. (Opp. at 23.) They must do so with particularity under Rule 9(b). (MTD at 21.) Plaintiffs are trying to avoid acknowledging that they did not provide enough facts to connect their claimed loss to the Hindenburg short-seller attack. To the contrary, "[w]hether the truth comes out by way of a corrective disclosure describing the precise fraud inherent in the alleged misstatements, or through events constructively disclosing the fraud, does not alter the basic loss-causation calculus." (*In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 262 (2d. Cir. 2016).)

The Opposition further argues that the information was not publicly available, and that Hindenburg merely uncovered it from obscure sources. (Opp. at 24.) However, as is clearly obvious, the information in the Hindenburg Report was all derived from publicly available sources, such as the Los Angeles Superior Court and the California Secretary of State websites. Courts do not have to accept conclusory allegations

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

contradicted by documents referenced in the complaint. (*Deadco Petroleum, FKA v. Trafigura AG*, 617 F. App'x 636, 638 (9th Cir. 2015).) Plaintiffs' general allegations, which collectively derive from the Hindenburg short-seller attack, do not contain sufficient detail to provide Defendants with ample notice of Plaintiffs' loss causation theory or provide Defendants with assurance that Plaintiffs' theory is plausibly based in fact as required by FRCP Rule 9(b). (*Irving Firemen's Relief & Ret. Fund*, 998 F.3d 397, 408 (9th Cir. 2021).) Thus, Plaintiffs' 10(b)(5) claim should be dismissed.

## C.     THE BESPEAKS CAUTION DOCTRINE REQUIRES DISMISSAL

Plaintiffs cannot credibly challenge the application of the bespeaks caution doctrine here. Contrary to Plaintiffs' suggestion (Opp. at 24-25) that Defendants' statements were not "accompanied by meaningful cautionary language," Defendants have shown that the registration statement repeatedly warned that Maison's IPO was "highly speculative," "high risk," and had the potential to fail or produce uncertain outcomes. (*Intuitive Surgical*, 759 F.3d 1051, 1059 (9th Cir. 2014) (a statement is forward-looking if "examined as a whole, [it] related to future expectations and performance").) The cautionary language provided in the registration statement is as detailed—if not more so—than the warnings in other cases where complaints were dismissed under the bespeaks caution doctrine. Plaintiffs do not attempt to distinguish this authority.

Given such cautionary language, no reasonable investor could have been misled about the likelihood of success in participating in Maison's IPO. (*In re Stac Elect. Sec. Litig.*, 89 F.3d 1399, 1408-09 (9th Cir. 1996) (dismissing claims where disclosure "neither stints on warnings nor fails to disclose [company's] practices, but 'fairly overflows' with specific and detailed cautionary language"); *In re Convergent Techs. Sec. Litig.*, 948 F.2d 507, 515 (9th Cir. 1991) ("No investor, in the face of these substantive disclosures, could reasonably conclude that Convergent had surmounted all obstacles in NGEN's path").))

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

**D.    THE AMENDED COMPLAINT FAILS TO PROPERLY PLEAD CONTROL PERSON LIABILITY**

**1)    Plaintiffs have Improperly Plead Plausible Claims Under Section 15 of the Securities Act and Section 20(A) of the Exchange Act**

The claims under Section 15 of the Securities Act and Section 20(a) of the Exchange Act fare no better than the claims under Section 11 of the Securities Act and Section 10(b) of the Exchange Act. Because Plaintiffs have failed to plead a primary violation or establish the requisite control, their claims under Section 15 and Section 20(a) cannot stand. (*In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014) ("To establish a cause of action under this provision, a plaintiff must first prove a primary violation of underlying federal securities laws, such as Section 10(b) or Rule 10b-5, and then show that the defendant exercised actual power over the primary violator.")).

Plaintiffs attempt to circumvent the law with general allegations that do not meet the Federal Rules' pleading requirements. (Opp. at 26-27.) Plaintiffs allege that "Individual Defendants are each executive officers and/or directors of Maison and signed or authorized the signing of the IPO Registration Statement," but these blanket assertions, without further information about each Individual Defendant's involvement or responsibilities with respect to the IPO, are insufficient to establish control at this stage.

Therefore, Plaintiffs' Section 15 and Section 20(a) claims fail as a matter of law and should be dismissed.

**E.    ANY REQUEST FOR LEAVE TO AMEND SHOULD BE DENIED**

Plaintiffs subtly request leave to again amend their pleading if the Court grants any portion of Defendants' MTD. (Opp. at 27:24-26.) Defendants respectfully request that this request be denied.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

Amendment may be denied due to undue delay, prejudice, bad faith, or futility. (*Ctr. for Bio. Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023)). Prejudice carries the most weight. (*Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Absent prejudice or a strong showing of other considerations, the presumption favors granting leave. (*Broadcom Corp. v. NXP Semiconductors N.V.*, 2014 WL 12577095, at *1 (C.D. Cal. Mar. 12, 2014)). The Opposition seeks leave almost solely on futility grounds.

Here, Plaintiffs have not provided any substantive basis for why an amendment should reasonably be granted, or how any proposed amendment could rectify the deficiencies in the AC. Therefore, Plaintiffs' request to file a further amended complaint should be denied.

## III. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Motion to Dismiss, Defendants respectfully submit that their motion be granted, and the Amended Complaint should be dismissed with prejudice.

Dated: November 20, 2024          **AKERMAN LLP**

By: */s/ Alicia Y. Hou*
Ellen S. Robbins
Alicia Y. Hou
Andrea N. Khoury
Scott Kessler (admitted *pro hac vice*)
Ashley Akapo (admitted *pro hac vice*)
Attorneys for Defendants
MAISON SOLUTIONS INC.; JOHN XU; ALEXANDRIA M. LOPEZ; TAO HAN; BIN WANG; MARK WILLIS; XIAOXIA ZHANG; JOSEPH STONE CAPITAL, LLC and AC SUNSHINE SECURITIES LLC

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants MAISON SOLUTIONS INC.; JOHN XU; ALEXANDRIA M. LOPEZ; TAO HAN; BIN WANG; MARK WILLIS; XIAOXIA ZHANG; JOSEPH STONE CAPITAL, LLC and AC SUNSHINE SECURITIES LLC, certifies that this brief contains <u>5786</u> words, which:

<u>X</u> complies with the word limit of L.R. 11-6.1.

<u>X</u> complies with the word limit set by court order dated June 1, 2024.

Dated: November 20, 2024          **AKERMAN LLP**

By:*/s/ Alicia Y. Hou*
　　Ellen S. Robbins
　　Alicia Y. Hou
　　Andrea N. Khoury
　　Scott Kessler (admitted *pro hac vice*)
　　Ashley Akapo (admitted *pro hac vice*)
　　Attorneys for Defendants
　　MAISON SOLUTIONS INC.; JOHN XU;
　　ALEXANDRIA M. LOPEZ; TAO HAN;
　　BIN WANG; MARK WILLIS; XIAOXIA
　　ZHANG; JOSEPH STONE CAPITAL,
　　LLC and AC SUNSHINE SECURITIES
　　LLC

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

78790045;3

20                               CASE NO. 2:24-cv-00063-SPG-KS

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**