**AKERMAN LLP**
ALICIA Y. HOU (SBN 254157)
alicia.hou@akerman.com
ANDREA N. KHOURY (SBN 317275)
andrea.khoury@akerman.com
633 West Fifth Street, Suite 6400
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

SCOTT KESSLER (admitted *pro hac vice*)
scott.kessler@akerman.com
ASHLEY AKAPO (admitted *pro hac vice*)
ashley.akapo@akerman.com
1251 Avenue of the Americas, 37th Floor
New York, NY 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965

Attorneys for Defendants
MAISON SOLUTIONS INC.; JOHN XU;
ALEXANDRIA M. LOPEZ; TAO HAN; BIN WANG;
MARK WILLIS; XIAOXIA ZHANG; JOSEPH STONE CAPITAL, LLC and
AC SUNSHINE SECURITIES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK GREEN AND EVGENIA NIKITINA, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>MAISON SOLUTIONS INC., JOHN XU, ALEXANDRIA M. LOPEZ, TAO HAN, BIN WANG, MARK WILLIS, XIAOXIA ZHANG, JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC,<br><br>Defendants. | Case No. 2:24-cv-00063-SPG-KS<br><br>The Hon. Sherilyn Peace Garnett<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Declaration of Alicia Y. Hou, Request for Judicial Notice, and [Proposed] Order]*<br><br>Complaint Filed: January 4, 2024<br>FAC Filed: June 17, 2024<br>SAC Filed: April 21, 2025<br>Trial Date: None<br><br>Hearing<br>Date: September 17, 2025<br>Time: 1:30 p.m.<br>Location: Courtroom 5C |

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 17, 2025 at 1:30 p.m. at the United States District Court for the Central District of California, located at First Street Courthouse, 350 West 1st Street, Courtroom 5C, Los Angeles, CA 90012, Defendants Maison Solution Inc. ("Maison Solutions"), John Xu ("Xu"), Alexandria M. Lopez ("Lopez"), Tao Han ("Han"), Bin Wang ("Wang"), Dr. Xiaozia Zhang ("Zhang"), Mark Willis ("Willis" and together with Xu, Lopez, Han, Wang, and Zhang, the "Individual Defendants"), Joseph Stone Capital, LLC ("Joseph Stone Capital" or the "Underwriter"), and AC Sunshine Securities LLC ("AC Sunshine", and together with Joseph Stone Capital, the "Underwriters") (collectively "Defendants") will and hereby do move to dismiss Lead Plaintiffs' Migwang Jeong, Yun Jung Kim, Yousub Jun, Lee Sun-Bok, and Hyeonnam Gang ("Plaintiffs") Second Amended Class Action Complaint (ECF 52) pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq*. on the grounds that the Second Amended Complaint fails to state a claim upon which relief can be granted (the "Motion").

This Motion is accompanied by a memorandum setting forth the points and authorities on which Defendants rely.

Undersigned counsel for the Defendants met and conferred with counsel for Plaintiffs regarding this motion in accordance with Local Rule 7-3 on April 30, 2025. The parties were unable to reach agreement to resolve this dispositive motion.

For the reasons set forth in the accompanying memorandum, this Court should dismiss the Second Amended Class Complaint with prejudice and grant any such further relief to which the Defendants are justly entitled.

///

///

///

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

1  Dated: June 5, 2025                    **AKERMAN LLP**

2

3                                         By: */s/ Alicia Y. Hou*

4

5                                         Alicia Y. Hou
                                          Andrea N. Khoury
6                                         Scott Kessler (admitted *pro hac vice)*
                                          Ashley Akapo (admitted *pro hac vice)*
7                                         Attorneys for Defendants
                                          MAISON SOLUTIONS INC.; JOHN
8                                         XU; ALEXANDRIA M. LOPEZ; TAO
                                          HAN; BIN WANG; MARK WILLIS;
9                                         XIAOXIA ZHANG; JOSEPH STONE
                                          CAPITAL, LLC and AC SUNSHINE
10                                        SECURITIES LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS ............................................................................ 3

    A.    Maison and its Business ..................................................................... 3

    B.    Maison's October 2023 Initial Public Offering .................................. 3

    C.    The Hindenburg Research Short Attack .............................................. 4

    D.    This Follow-On Litigation and This Court's Prior Decision ............... 4

    E.    The Second Amended Complaint ........................................................ 5

III.  LEGAL STANDARD .................................................................................. 6

    A.    The Applicable Pleading Standard for the Second Amended Complaint ........................................................................................... 6

    B.    Motion to Dismiss Standard ............................................................... 7

IV.   LEGAL ARGUMENT .................................................................................. 9

    A.    The Second Amended Complaint Fails to State a Claim for Violation of Section 11 of the Securities Act of 1933 ......................... 9

        1.    The Second Amended Complaint Cannot Simply Disclaim Fraud to Avoid Stringent Pleading Requirements ...................................................................... 9

        2.    The Second Amended Complaint Fails to Plead an Actionable Omission With Regards to Statements Relating to Litigation ............................................................ 11

        3.    The Second Amended Complaint Fails to Adequately Plead an Actionable Omission With Regards to Related Party Transactions ...................................................... 14

    B.    The Second Amended Complaint Fails to State a Claim for Violation of Section 15 of the Securities Act of 1933 ....................... 18

    C.    Plaintiffs' Exchange Act Claims Should be Dismissed ..................... 20

        1.    The Second Amended Complaint Fails to Adequately Plead an Actionable Misstatement or Omission ...................... 20

        2.    The Second Amended Complaint Fails to Adequately Plead a Strong Inference of Scienter ....................................... 21

        3.    The Second Amended Complaint Fails to Plead Motive ......... 25

        4.    The Second Amended Complaint Fails to Plead Knowledge or Deliberate Recklessness .................................... 26

        5.    The Second Amended Complaint Fails to Adequately Plead Loss Causation .................................................................. 27

        6.    The Second Amended Complaint Fails to Adequately Plead Scheme Liability ................................................................ 28

    D.    The Section 20(a) Claim of the Second Amended Complaint Should be Dismissed ........................................................................ 29

V.    CONCLUSION ........................................................................................... 30

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................................8, 20

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) .................................................................................7

*Basic Inc. v. Levinson*,
   485 U.S. 224 (1988)...............................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................................6, 8, 20

*Brody v. Transitional Hosps. Corp.*,
   280 F.3d 997 (9th Cir. 2002) ...............................................................................12

*Carr v. Zosano*,
   2021 WL 3913509 (N.D. Cal. Sept. 1, 2021)......................................................26

*Copperstone v. TCSI*,
   1999 WL 33295869 (N.D. Cal. Jan. 19, 1999) ....................................................26

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) .................................................................................3

*Dura Pharms., Inc. v. Broudo*,
   544 U.S. 336 (2005)...............................................................................................6

*Espinoza v. Whiting*,
   8 F.Supp.3d 1142 (E.D. Mo. 2014) .....................................................................24

*Espy v. J2 Global, Inc.*,
   99 F.4th 527 .........................................................................................................17

*Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*,
   63 F.4th 747 (9th Cir. 2023) ..................................................................................9

*Gompper v. VISX, Inc.*,
   298 F.3d 893 (9th Cir. 2002) .........................................................................22, 23

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Grigsby v. BofI Holding, Inc.*,
  979 F.3d 1198 (9th Cir. 2020) ................................................................................ 27

*Howard v. Everex Sys.*, Inc.,
  228 F.3d 1057, 1065 (9th Cir. 2000). ..................................................................... 29

*In re Am. Apparel, Inc. Shareholder Litig.*,
  No. CV 10-06352-MMM, 2013 WL 174119 (C.D. Cal. Jan. 16, 2013) ............ 24

*In re BofI Hldgs., Sec. Inc.*,
  977 F.3d 781 (9th Cir. 2020) ................................................................................. 27

*In re Cadence Design Sys., Inc. Sec. Litig.*,
  692 F.Supp.2d 1181, 1193 (N.D. Cal. 2010) ......................................................... 29

*In re China Mobile Games & Entertainment Grp., Ltd. Sec. Litig.*,
  2016 WL 922711 (S.D.N.Y. March 7, 2016) ......................................................... 16

*In re Downey Sec. Litig.*,
  2009 U.S. Dist. LEXIS 83443 (C.D. Cal. Aug. 21, 2009) ................................... 24

*In re Gupta Corp. Sec. Litig.*,
  900 F.Supp. 1217 (N.D. Cal. 1994) ....................................................................... 16

*In re Hansen Nat. Corp. Sec. Litig.*,
  527 F. Supp.2d 1142 (C.D. Cal. 2007) ................................................................... 25

*In re Nektar Therapeutics*,
  2020 WL 3962004 (N.D. Cal. July 13, 2020) ....................................................... 28

*In re Nektar Therapeutics Securities Litigation*,
  34 F.4th 828 (2022) ............................................................................... 18, 27, 28

*In re NVIDIA Corp. Sec. Litig.*,
  768 F.3d 1046 (9th Cir. 2014) .................................................................... 7, 19, 26

*In re PetSmart, Inc. Sec. Litig.*,
  61 F.Supp.2d 982 (D. Ariz. 1999) ......................................................................... 16

*In re QuantumScape Sec. Class Action Litig.*,
  580 F.Supp.3d 714 (N.D. Cal. 2022) ..................................................................... 15

*In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage*,
  697 F.3d 869 (9th Cir. 2012) .......................................................................... passim

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*In re Stac Elect. Sec. Litig.*,
    89 F.3d 1399 (9th Cir. 1996) ................................................................................20

*In re Tesla, Inc. Sec. Litig.*,
    477 F.Supp.3d 903 (N.D. Cal. 2020)....................................................................29

*In re VeriFone Holdings, Inc. Sec. Litig.*,
    704 F.3d 694 (9th Cir. 2012) ................................................................................8

*In re Wet Seal, Inc. Sec. Litig.*,
    518 F. ....................................................................................................................24

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) ................................................................................8

*Lloyd v. CVB Fin. Corp.*,
    811 F.3d 1200 (9th Cir. 2016) .............................................................................27

*Loos v. Immersion Corp.*,
    762 F.3d 880 (9th Cir. 2014) ...............................................................................27

*Macomb Cnty. Emps. Ret. Sys. v. Align Tech., Inc.*,
    39 F.4th 1092 (9th Cir. 2022) ...............................................................................6

*Macquarie Infrastructure v. Moab Partners*,
    144 S.Ct. 885 (2024)............................................................................................21

*Manger v. Leap Frog Enters., Inc.*,
    252 F.Supp.3d 837 (N.D. Cal. 2017)....................................................................26

*Matrixx Initiatives, Inc. v. Siracusano*,
    563 U.S. 27 (2011)..........................................................................................12, 21

*McGee v. Am. Oriental Bioengineering*,
    2014 WL 12586107 (C.D. Cal. Sept. 23, 2014) (Olguin, J.) .................20, 21, 22

*Metzler Inc. GMBH v. Corinthian Colleges, Inc.*,
    540 F.3d 1049 (9th Cir. 2008) ...........................................................20, 22, 23, 27

*Mulquin v. Nektar Therapeutics*,
    510 F.Supp.3d 854 (N.D. Cal. 2020)....................................................................7

*Ng v. Berkeley Lights, Inc.*,
    No. 21-CV-09497-HSG, 2024 WL 695699 (N.D. Cal. Feb. 20, 2024) .............17

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

*Nguyen v. Endologix*,
  962 F.3d 405 (9th Cir. 2020) .................................................................20, 21, 22

*Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*,
  774 F.3d 598 (9th Cir. 2014) ......................................................................6, 7, 27

*Petrie v. Elec. Game Card Inc.*,
  No. SACV 10–00252............................................................................................24

*Plumley v. Sempra Energy*,
  847 F.App'x 426 (9th Cir. 2021) .........................................................................25

*Prodanova v. H.C. Wainwright & Co., LLC*,
  993 F.3d 1097 (9th Cir. 2021) .................................................................22, 25, 26

*Reed v. Amira Nature Foods Ltd.*,
  2016 WL 6571281 .................................................................................11, 20, 28

*Rubke v. Capital Bancorp Ltd.*,
  551 F.3d 1156 (9th Cir. 2009) ........................................................................9, 20

*South Ferry LP, No. 2 v. Killinger*,
  542 F.3d 776 (9th Cir. 2008) ..............................................................................22

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ................................................................................8

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ..............................................................................8

*Tabor v. Bodisen Biotech, Inc.*,
  579 F.Supp.2d 438 (S.D.N.Y. 2008) ...................................................................16

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007).........................................................................................6, 22

*Veal v. Lending Club Corp.*,
  423 F.Supp.3d 785 (N.D. Cal. 2019)...................................................................26

*Vess v. Ciba–Geigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ............................................................................10

*Waterford Twp. Police v. Mattel, Inc.*,
  321 F.Supp.3d 1133 (C.D. Cal. 2018).............................................................7, 26

*Webb v. Solarcity Corporation*,
    884 F.3d 844 (9th Cir. 2018) .............................................................................. 25

*Zucco Partners, LLC v. Digimarc Corp.*,
    552 F.3d 981 (9th Cir. 2009) ....................................................................... passim

**Statutes**

15 U.S.C. § 77o(a) ............................................................................................... 19

15 U.S.C. § 78u-4(b)(1)(B) .................................................................................. 20

28 U.S.C. § 78u- 4(b)(2)(A) ................................................................................ 22

Cal. Evid. Code § 452 ............................................................................................ 3

Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6) .............................................................. 1, 2

Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4 *et seq.* passim

Section 11 and 15 of the Securities Act .............................................................. 20

Section 10(b) of the Securities and Exchange Act of 1934 ............................. passim

**Rules**

Fed. R. Civ. P. 9(b) .......................................................................................... passim

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 7

Fed. R. Civ. Pro. §9(b) ........................................................................................... 7

Federal Rules of Evidence §201 ............................................................................ 3

Local Rule 7-3 .......................................................................................................... 2

Rule 9(b)'s ............................................................................................................... 5

Rule 10b-5(a) ........................................................................................................ 28

Rule 10b-5(b) ........................................................................................................ 28

**Other Authorities**

17 C.F.R. § 229.103 .............................................................................................. 11

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

1   17 C.F.R § 229.404(a) and 229.403(a) ........................................................................ 14

2   17 CFR §229.103 (b) ................................................................................................. 11

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

AKERMAN LLP<br>633 WEST FIFTH STREET, SUITE 6400<br>LOS ANGELES, CALIFORNIA 90071<br>TEL.: (213) 688-9500 – FAX: (213) 627-6342

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendants Maison Solution Inc. ("Maison"), John Xu ("Xu"), Alexandria M. Lopez ("Lopez"), Tao Han ("Han"), Bin Wang ("Wang"), Dr. Xiaozia Zhang ("Zhang"), Mark Willis ("Willis" and together with Xu, Lopez, Han, Wang, and Zhang, the "Individual Defendants"), Joseph Stone Capital, LLC ("Joseph Stone Capital" or the "Underwriter"), and AC Sunshine Securities LLC ("AC Sunshine", and together with Joseph Stone Capital, the "Underwriters") (collectively "Defendants") submit this memorandum of points and authorities in support of their motion to dismiss Plaintiffs' Second Amended Class Action Complaint ("Second Amended Complaint" or "SAC"). Defendants respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.* to dismiss the claims asserted against them in the Second Amended Complaint. (ECF No. 52, *see also* Declaration of Alicia Y. Hou in Support of Defendants' Motion to Dismiss, "Hou Dec.", and Request for Judicial Notice "RJN").

## I.    INTRODUCTION

This Court already dismissed Plaintiffs' first amended complaint, and their subsequent amendment, the Second Amended Complaint, fails to fails to cure the deficiencies noted by this Court in its prior decision. Plaintiffs do not add any new allegations to overcome the necessary hurdle of materiality, which was fatal to Plaintiffs' First Amended Complaint (the "FAC"). With their Second Amended Complaint, Plaintiffs continue to attempt to transform the securities laws into a safety net for disappointed investors – conjuring alleged omissions and misstatements in an effort to recover market losses incurred after Maison's stock price declined. Plaintiffs allege that Maison's offering documents for its initial public offering ("IPO") were misleading because Defendants failed to disclose (1) material adverse facts about Maison's business operations, and prospects related to Maison's transactions with

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

undisclosed related parties, and (2) the pendency of a California litigation involving Defendant Xu. SAC ¶ 8.

First, in order for omissions, like those alleged by Plaintiffs in the SAC, to be actionable, a duty to disclose such omitted information must be imposed. In addition to information required to be disclosed by the Securities and Exchange Commission's (the "SEC") rules and regulation, a duty to disclose what a reasonable investor would consider material in making their investment decision exists. However, Plaintiffs do not and cannot identify nor allege any duty to disclose information about unrelated legal proceedings or unrelated and undisclosed third-party transactions. Without any such requirements or allegations, Defendants' duty to disclose such information is negating, and Plaintiffs' Section 11 claim cannot stand.

Second, the viability of Plaintiffs' Section 15 claim depends on their ability to allege or establish primary liability under Section 11. Since Plaintiffs have not alleged, let alone established, such liability, Plaintiffs' Section 15 claim must also be dismissed.

Third, the viability of a Section 10(b) claim, depends on Plaintiffs' ability to allege facts showing, material misrepresentation or omissions, scienter, and loss causation. As discussed herein, the Second Amended Complaint does not contain sufficient allegations to support the heightened pleading requirements for this claim, and therefore any Section 10(b) claim asserted by Plaintiffs fail on this basis.

Fourth, the viability of a Section 20(a) claim requires a primary violation of federal securities law under Section 10(b). Since Plaintiffs do not allege, let alone established such liability, Plaintiffs' Section 20(a) should also be dismissed.

For these reasons, this Motion should be granted, dismissing the Second Amended Complaint in its entirety with prejudice.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

## II.    STATEMENT OF FACTS[1]

### A.    Maison and its Business

Maison is a specialty grocery retailer offering traditional Asian food and merchandise to modern U.S. consumers, in particular to members of the Asian-American communities. SAC ¶ 41. Since Maison's formation in July 2019, it acquired equity interests in four Asian supermarkets in Los Angeles, California. RJN ¶ 1.[2] Maison operates these four supermarkets as full-service stores, similar to a conventional supermarket or grocery store covering a metro area, but with its own storage space to be used as a warehouse to distribute products to smaller satellite stores. *Id.*

### B.    Maison's October 2023 Initial Public Offering

On May 22, 2023, Maison filed a registration statement on Form S-1 and thereafter filed a number of amendments. RJN ¶ 2, SAC ¶ 45. The Form S-1 was declared effective on September 29, 2023. *Id.* Thereafter, on October 4, 2023, Maison entered into an underwriting agreement (the "Underwriting Agreement") with Joseph Stone Capital in connection with the IPO. RJN ¶ 1.

Joseph Stone Capital served as the lead underwriter for the IPO. RJN ¶ 1, SAC at ¶ 35. AC Sunshine also served as an underwriter for the IPO in conjunction with Joseph Stone Capital. *Id.* at ¶ 36. On October 5, 2023, Maison filed a prospectus, dated October 4, 2023 (the "Prospectus"), on Form S-1 with the SEC in connection with the IPO, which incorporated and formed part of the Registration Statement. *Id.* at ¶ 46.

---

[1] Facts set forth herein are drawn from the factual allegations in the Second Amended Complaint, documents incorporated by reference, and "other publicly available documents, including SEC filings and press releases, which the Court may consider for the purpose of this motion." Cal. Evid. Code § 452; *See* Federal Rules of Evidence §201 (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 999 (9th Cir. 2010).

[2] A true and correct copy of the Prospectus is annexed to Defendants' Request for Judicial Notice, ¶ 1,  and is available to the public on the SEC's website at: https://www.sec.gov/Archives/edgar/data/1892292/000101376223002201/f424b4102 3_maison.htm

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3

Between October 5, 2023 and October 10, 2023, Maison conducted the IPO pursuant to the Prospectus, issuing 2,500,000 common shares of Maison's securities to the public at the offering price of $4.00 per share. *Id.* at ¶ 48.

4

**C.    The Hindenburg Research Short Attack**

5
6
7
8
9

On December 15, 2023, during market hours, Hindenburg posted on X.com (formerly Twitter), a series of tweets purportedly about Maison. SAC ¶ 58. Hindenburg posted allegations taken from an undisclosed lawsuit claiming that Defendant Xu and his unrelated business, J&C International Group, LLC ("J&C"), used Hong Kong Supermarkets "as a front to defraud the EB-5 via [sic] program." *Id.* at ¶ 59.

10
11
12
13
14

Further, Hindenburg claimed that it believed Maison was not disclosing related party transactions. *Id.* at ¶ 60. Hindenburg noted, and Maison disclosed in its Prospectus, that Defendant Xu is the principal executive of J&C. *Id.* at ¶ 59. After the Hindenburg short attack, Maison's stock price fell 83.6% to close at $2.50 on December 15, 2023. *Id.* at ¶ 61.

15

**D.    This Follow-On Litigation and This Court's Prior Decision**

16
17
18
19
20
21
22

Following the plummeting of Maison's Class A Common Stock (which occurred solely as a result of Hindenburg's baseless allegations), Plaintiffs filed this instant lawsuit. Plaintiffs allege that Defendants' IPO Registration Statement reflected misstatements and omissions involving the pending *Zang* litigation and several related party transactions. (FAC ¶ 8) (ECF No. 33). On August 16, 2024, Defendants moved to dismiss the First Amended Complaint. (ECF No. 40). Plaintiffs opposed Defendants' motion (ECF No. 46), and Defendants replied. (ECF No. 49).

23
24
25
26
27

On March 31, 2025, this Court entered an order granting, in part, and denying, in part, Defendants' motion to dismiss. (the "Order") (ECF No. 51). The Court found that Plaintiffs' Section 11 claim stemmed from the same factual allegations and misrepresentations giving rise to the Section 10(b) claim – "namely that Maison's IPO Registration Statement failed to disclose pending litigation and related party

28

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

transactions." Order at p. 9. Thus, the Court agreed with Defendants and held that the adequacy of the Section 11 claim needed to be assessed under Rule 9(b)'s heightened pleading standard. *Id.* at p. 11. As to the *Zang* lawsuit, the Court held that "the FAC has not presented sufficient factual allegations from which the Court could reasonably infer the undisclosed information regarding the *Zang* lawsuit was material." Order at p. 14.

Likewise, the Court held that "Plaintiffs' allegations have not sufficiently alleged facts to show that the related party transactions . . . were material to a reasonable investor's decision to invest in Maison's stocks." Order at p. 19.[3]

Finally, the Court declined to review the Section 10(b) claims because it found that the FAC had not sufficiently plead materiality, which is a required element for both Section 11 and Section 10(b) claims. Order at p. 21.

**E.    The Second Amended Complaint**

On April 21, 2025, Plaintiffs filed the Second Amended Complaint, which added a number of allegations regarding the *Zang* litigation and the allegedly undisclosed related parties. SAC, ECF No. 52. Despite Plaintiffs' new allegations, the SAC is still insufficient as a matter of law, and should be dismissed for the same reasons that supported the dismissal of the claims alleged in the First Amended Complaint. More specifically, Plaintiffs, in the Second Amended Complaint, failed to add any new allegations to overcome the hurdle of materiality. Further, the Hindenburg short attack has never been proven to contain any sufficient truth or reliability as to any of the Defendants' alleged misconduct, or any sufficient evidence to support omissions or misleading statements made in Defendants' prospectus.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[3] The Court also held that the allegations in the FAC regarding allegedly undisclosed related party transaction involving XHJC were insufficient to support Plaintiffs' theory that Defendants failed to disclose related party transactions based on shared addresses. Order at pp. 17-18. The SAC deleted any allegations concerning XHJC.

# III.    LEGAL STANDARD

## A.    The Applicable Pleading Standard for the Second Amended Complaint

Plaintiffs allege that Defendants violated Section 10(b) of the Securities and Exchange Act of 1934 (the "Exchange Act") and allege a "control person" claim under Section 20(a) of the Exchange Act against Defendant Xu, which rises or falls with Plaintiffs' ability to show a "primary violation" of Section 10(b). *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 990 (9th Cir. 2009). Private lawsuits under the Exchange Act are meant "to protect investors against manipulation of stock prices" by company insiders, *Basic Inc. v. Levinson,* 485 U.S. 224, 230 (1988), "not to provide investors with broad insurance against market losses," *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 345 (2005). To separate the plaintiffs who were wrongly misled (and may deserve relief) from those attempting to recoup market losses (who do not), claims under the Exchange Act are subject to the "[e]xacting pleading requirements" of both Fed. R. Civ. P. 9(b) and the PSLRA. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 313 (2007).

To state a claim under Section 10(b), a plaintiff must adequately plead, among other things, that a defendant made a (1) material false statement or omission of fact, (2) with scienter, and (3) that caused plaintiff's losses. *In re Rigel Pharms., Inc. Secs. Litig., Inter-Local Pension Fund GCC/IBT v. Deleage,* 697 F.3d 869, 876 (9th Cir. 2012). The PSLRA's "heightened pleading requirements . . . present no small hurdle," *Macomb Cnty. Emps. Ret. Sys. v. Align Tech., Inc.,* 39 F.4th 1092, 1096 (9th Cir. 2022), and Plaintiffs must plead each element of their claim with particularity, *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.,* 774 F.3d 598, 605 (9th Cir. 2014). That means that, in support of each element, Plaintiffs must plead factual allegations that are "plausible on [their] face" and more than "speculative." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007).

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

To plead falsity, Plaintiffs must identify statements "capable of objective verification," *Apollo,* 774 F.3d at 606, and allege particularized facts demonstrating the statements were materially "false or misleading at the time they were made," *Rigel Pharms.,* 697 F.3d at 876. And, to plead a strong inference of scienter, Plaintiffs must allege particularized facts demonstrating that Defendants "made false or misleading statements either intentionally or with deliberate recklessness," *Waterford Twp. Police v. Mattel, Inc.,* 321 F.Supp.3d 1133, 1151 (C.D. Cal. 2018) (citation omitted), with the recklessness standard "much closer to one of intent," *In re NVIDIA Corp. Sec. Litig.,* 768 F.3d 1046, 1053 (9th Cir. 2014). For loss causation, Plaintiffs must allege a "causal connection between the deceptive acts that form the basis for the claim of securities fraud and the injury suffered by the [Plaintiffs]," *Apollo,* 774 F.3d at 608 (quotation omitted). This requires Plaintiffs to plead "corrective disclosures" that "revealed the truth . . . which caused the company's stock price to drop and investors to lose money." *Mulquin v. Nektar Therapeutics,* 510 F.Supp.3d 854, 870 (N.D. Cal. 2020) (citation omitted).

## B.     Motion to Dismiss Standard

The Federal Rules of Civil Procedure provide that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted. Federal Rules of Civil Procedure ("Fed. R. Civ. Pro.") §12(b)(6)), as well as "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. Pro. §9(b).

A court may dismiss a complaint under the Fed. R. Civ. P. 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

factual "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 ; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint ... as true and ... in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Because Plaintiffs in the Second Amended Complaint attempt to allege that Defendants fraudulently violated federal securities laws, Plaintiffs' initial pleading burden is heightened by the "dual pleading requirements of Fed. R. Civ. P. 9(b) and the [Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4]." *Zucco*, 552 F.3d at 990. Order at p. 5 ("Where a private plaintiff alleges securities fraud, the complaint "must [also] satisfy the dual pleading [requirements] of Federal Rule of Civil Procedure 9(b) and the [Private Securities Litigation Reform Act ("PSLRA")]." *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 701 (9th Cir. 2012). Under Rule 9(b), a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged

to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.,* 63 F.4th 747, 765 (9th Cir. 2023) (internal quotation marks and citation omitted).)

## IV.    LEGAL ARGUMENT

**A.    The Second Amended Complaint Fails to State a Claim for Violation of Section 11 of the Securities Act of 1933**

The Second Amended Complaint alleges that the Prospectus made material omissions and Defendants failed to disclose: (1) litigation naming Defendant Xu in his personal capacity (unrelated to his role in Maison) and (2) third-party related transactions. Plaintiffs further allege that Maison's Registration Statement did not comply with SEC and accounting requirements. SAC ¶¶ 8, 93-142. Plaintiffs' Section 11 claim fails because it does not plead particularized facts showing that Defendants were actually violating any securities laws. Plaintiffs cannot evade this requirement simply by disclaiming fraud. Plaintiffs' claim also fails on the merits because Defendants had no duty to highlight uncharged, unproven allegations, particularly given their ample disclosures of regulatory risks.

### 1.    The Second Amended Complaint Cannot Simply Disclaim Fraud to Avoid Stringent Pleading Requirements

Plaintiffs' Securities Act claims must comply with Fed. R. Civ. P. 9(b), which requires pleading fraud with particularity. Plaintiffs cannot circumvent Fed. R. Civ. P. 9(b) by simply disclaiming fraud. *Rigel Pharms.,* 697 F.3d at 885. "To ascertain whether a complaint 'sounds in fraud,' we must normally determine, after a close examination of the language and structure of the complaint, whether the complaint 'allege[s] a unified course of fraudulent conduct' and 'rel[ies] entirely on that course of conduct as the basis of a claim.' " *Rubke v. Capital Bancorp Ltd.,* 551 F.3d 1156, 1161 (9th Cir. 2009) (*quoting Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1103–04 (9th Cir. 2003))

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(alterations in original). A plaintiff "may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct." *Vess,* 317 F.3d at 1104. *Rigel Pharms.*, 697 F.3d at 885–86.

As this Court held in the Order, Plaintiffs' Section 11 claim relies on the same alleged misrepresentations (parroting those contained within the Hindenburg post) that are central to Plaintiff's section 10(b) fraud claim. *See* Order at p. 9. Plaintiffs, thus, must meet the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See* Order at pp. 10-11. As discussed in *Rigel Pharms.*,

> Plaintiff's Section 11 claim is grounded in fraud and Plaintiff must meet Fed. R. Civ. P. 9(b)'s pleading requirements. This does not mean, as Plaintiff contends, that it may not plead alternative theories of liability; it merely means that, with both the section 10(b) and the Section 11 claims, Plaintiff must meet the pleading requirements of Fed. R. Civ. P. 9(b). For the same reasons discussed above regarding the section 10(b) claim, we hold that, for the section 11 claim, Plaintiff has failed to meet Fed. R. Civ. P. 9(b)'s pleading requirements with respect to pleading a false or misleading statement.

*Rigel Pharms.*, 697 F.3d at 886.

The Second Amended Complaint challenges the same statements in the IPO under both the Securities Act and the Exchange Act. SAC ¶¶ 93-111, 112-170. As this Court recognized in the Order, "Plaintiffs' Section 11 claim stems from the same factual allegations and misrepresentations giving rise to their Section 10(b) claim." Order at p. 9. Nothing in the Second Amended Complaint changes that determination. Plaintiffs' claims pursue an identical theory of falsity for Securities Act and Exchange Act claims. It relies on a virtual cut-and-paste of the same factual allegations to supporting both sets of claims. And, the Securities Act allegations expressly plead fraudulent conduct, including that Defendants "made a series of materially misleading statements or omissions of material fact in offering materials in connection Maison's IPO." SAC ¶ 94.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

These allegations unquestionably sound in fraud, triggering application of Fed. R. Civ. P. 9(b). The Second Amended Complaint falls drastically short—at the outset, it fails to plead that any challenged statement in the IPO was affirmatively false or rendered false by omission, whether analyzed under Fed. R. Civ. P. 9(b). *See Rigel Pharms.,* 697 F.3d at 886 & n.15 (dismissing Section 11 claim where plaintiffs failed to plead falsity under either Fed. R. Civ. P. 9(b) or 8(a)); *Reed v. Amira Nature Foods Ltd.,* 2016 WL 6571281, *13 (dismissing Section 11 claim for same reasons as Section 10(b) claim – "the court finds that plaintiffs' § 11 allegations are grounded in fraud and must be pled under the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure."). Plaintiffs have failed to abide by the stringent pleading requirements needed to claim this violation, necessitating dismissal of their claims.

### 2. The Second Amended Complaint Fails to Plead an Actionable Omission With Regards to Statements Relating to Litigation

The Second Amended Complaint also alleges that Defendants' IPO Registration Statement omitted Maison's purported involvement in the lawsuit pending in the Superior Court of California, County of Los Angeles, entitled *Zang v. Xu, et al.* SAC ¶¶ 8, 97, 98, 99.

Item 103 of Regulation S-K only requires the disclosure of "any material pending legal proceedings, other than ordinary routine litigation incidental to the business, to which the registrant or any of its subsidiaries is a party or which any of their property is the subject." 17 C.F.R. § 229.103. Additionally, 17 CFR §229.103 (b), clarifies that legal proceedings do not need to be disclosed if the following conditions exist:

> That involved negligence or other claims or actions if the business ordinarily results in such claims or actions, unless the claim or action departs from the normal kind of such claims or actions; or That involve primarily a claim for damages if the amount involved, exclusive of interest and costs, does not exceed 10 percent of the current assets of the registrant and its subsidiaries on a consolidated basis. However, if any proceeding presents in large degree the same legal or factual issues as other proceedings pending or known

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

to be contemplated, the amount involved in such other proceedings shall be included in computing such percentage.

Further, in order to state an omissions-based claim, Plaintiffs must plead facts that Defendants should have disclosed to avoid "affirmatively creat[ing] an impression of a state of affairs that differs in a material way from the one that actually exists." *Brody v. Transitional Hosps. Corp.,* 280 F.3d 997, 1006 (9th Cir. 2002).The omission is material only if "a *reasonable* investor would have viewed the nondisclosed information as having significantly altered the total mix of information made available." *Matrixx Initiatives, Inc. v. Siracusano,* 563 U.S. 27, 44 (2011) (citation omitted) (emphasis added).

Even given the chance to amend their pleadings (twice) to include allegations concerning the materiality of the *Zang* litigation, the SAC falls far short of the requisite pleading standard. Under Item 103, litigations, worthy of disclosure, include and involve the "registrant," "subsidiaries thereof," or "property" of the registrant or subsidiaries. Again, the parties involved in the separate *Zang* action are in no way related to Maison as revealed in the Prospectus. Accordingly, the Second Amended Complaint has not asserted any factual basis or allegation to infer that the entity at issue in the unrelated litigation is anyway related to Maison as a "property," nor are there factual allegations that the named defendants are "subsidiary [subsidiaries]" of Maison.

As relevant here, the plaintiff in the *Zang* action brought claims against Hong Kong Supermarket of Monterey Park, CA - which is neither a party to this case, nor is it one of Maison's four wholly-owned subsidiaries - alleging violations of immigration laws. Significantly, "Hong Kong Supermarket" is pled as an entity of unknown corporate status within the *Zang* complaint and the allegations against "Hong Kong Supermarket" are threadbare. A mere review of the allegations in the *Zang* complaint demonstrate that the crux of that action centered on alleged representations made to the

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

12    CASE NO. 2:24-cv-00063-SPG-KS
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

plaintiff by the Meiju Group, David Chang, and J&C International regarding immigration services provided to Chinese nationals.

Zang alleges that those defendants submitted papers to United States Citizenship and Immigration Services on his behalf making false representations with respect to an L-1A work visa and his employment status with defendants. Crucially, the SAC's new allegations do not – and cannot – tie Maison or its finances to the allegations or outcome of the *Zang* litigation. Instead, Plaintiffs unsuccessfully attempt to state that the litigation is tied to Maison because Maison's Monterey Park supermarket and Xu's actions are key subjects of the *Zang* action. *See* SAC ¶¶ 99, 101, 118, 131. Those allegations fall short of demonstrating that Maison was required to disclose the litigation pursuant to Item 103. In fact, as Plaintiffs acknowledge, the parties have reached a settlement in the *Zang* action. SAC ¶¶ 69-70. Crucially, Maison is not a party to either of the settlement agreements and has no obligations relating to the settlement; because it is not a party to the litigation. (*See* Exhibit 1 and 2 to Plaintiffs' Second Amended Class Action Complaint. Under Exhibit 2 to the SAC, the Stipulated Facts and Judgment is clearly between plaintiff and defendant, ZHL Management, Inc.)

The SAC's new allegations likewise fail to plead how the *Zang* action could be material to the business operations or the financial health of Maison. Plaintiffs' theory of materiality rests solely upon its new allegations that the damages sought by the Zang plaintiff were at a minimum 38.5% of Maison's cash on hand. SAC ¶¶ 99, 101, 118, 131. There are at least two fatal flaws to Plaintiffs' position.

First, Plaintiffs fail to account for the most crucial fact – Maison is not a named defendant in the *Zang* action. Thus, any damages that the *Zang* plaintiff may have recovered would not impact the financial health of Maison. Second, there are twelve defendants named in the *Zang* litigation. The SAC's allegations assume that any damages recovered by the *Zang* plaintiff would be recoverable against only one defendant. Such an assumption is neither supported nor rational.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs cannot simply draw an inference from the alleged undisclosed litigation to find a violation on the part of Maison, especially when Maison is not even tethered to the *Zang* action. Because there was no duty to disclose the pending unrelated litigation against Defendant Xu, Defendants' alleged omissions are immaterial and cannot form the basis of a Section 11 claim. Accordingly, dismissal is warranted.

### 3. The Second Amended Complaint Fails to Adequately Plead an Actionable Omission With Regards to Related Party Transactions

Plaintiffs allege Good Fortune Supermarket San Gabriel, LP, and Good Fortune Supermarket of Monrovia, LP (collectively, the "Purported Related Third Parties")[4] are undisclosed related parties because Defendant Xu purportedly had "common control and/or a significant influence" in these entities prior to acquisition. SAC ¶ 70. Regulation S-K Item 404 instructs a company to disclose a related party transaction in which a related party (or immediate family member) had or will have a direct or indirect material interest of 5% or greater. 17 C.F.R § 229.404(a) and 229.403(a). The Second Amended Complaint falls short of alleging that the Purported Related Third Parties are undisclosed related parties, or even if they were, how such information would materially alter the total mix of information available to prospective investors.

As a threshold matter, the transactions with the Purported Related Third Parties were not required to be disclosed as a matter of law because they occurred prior to the relevant time period covered by Regulation S-K. Regulation S-K Item 404 requires the disclosure of related party transaction that occurred since the beginning of the registrant's last fiscal year. The instructions to Item 404 states that "If the information called for by this Item is being presented in a registration statement filed pursuant to the Securities Act or the Exchange Act, information shall be given for the periods specified

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

---

[4] Plaintiffs' Second Amended Complaint removed all allegations concerning another unaffiliated third-party, XHJC Holdings, Inc.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

1   in the Item and, in addition, for the **two fiscal years preceding** the registrant's last fiscal

2   year." [Emphasis Added.]

3          Maison's registration statement was filed on *May 22, 2023*, followed by multiple

4   amendments on Form S-1/A, the last of which was filed on June 14, 2023, and declared

5   effective by the SEC on *June 14, 2023*. SAC ¶ 45. Maison's "last" fiscal year for the

6   purpose of Item 404 ended April 30, 2023. Thus, Maison was required to disclose any

7   related party transaction that occurred on or after *May 1, 2020*. Pursuant to Plaintiffs'

8   allegations, Maison acquired interests in the Purported Related Third Parties in *July

9   and October 2019* – well before the May 1, 2020 disclosure period began. SAC ¶ 42.

10  Thus, as a matter of law, Maison was not required to disclose these transactions with

11  the Purported Related Third Parties in its registration statement, as they fall outside of

12  the required reporting period.

13         Moreover, even if Plaintiffs could overcome the legal hurdle that Defendants

14  were not required to disclose the transactions with the Purported Related Third Parties

15  as a matter of law, the Second Amended Complaint contains only barebone allegations

16  regarding the connection between the Purported Related Third Parties and Defendants.

17  Despite the opportunity to do so, Plaintiffs fail draw a meaningful connection between

18  the parties. Plaintiffs' only rationale for showing that "Xu had a [purported] common

19  control and/or a significant influence" over entities that transacted with Maison (SAC ¶

20  70-73) are allegations that the entities share common addresses based on filed, and

21  publicly available, Articles of Incorporation. Maison's Prospectus disclosed that

22  Defendant Xu is the principal executive of J&C. SAC ¶¶ 70-73.[5]

23         The fact that the companies share an address is far from sufficient to allege that

24  the entities are related parties under the required heightened pleading standards. *See In*

25

26  [5] The First Amended Complaint alleged Xu had a purported "controlling influence"
    over the entities that transacted with Maison (FAC ¶ 69-79). However Plaintiffs, in the
27  Second Amended Complaint, now soften this language in alleging that Xu had
    purported "common control and/or significant influence" over the entities that
28  transacted with Maison.

*re QuantumScape Sec. Class Action Litig.,* 580 F.Supp.3d 714, 729 (N.D. Cal. 2022) (The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."; *In re PetSmart, Inc. Sec. Litig.*, 61 F.Supp.2d 982, 996 (D. Ariz. 1999) ("Beyond their conclusory allegations, plaintiffs provide no specifics as to the 'adverse impacts' omitted from defendants' public statements beyond a vague reference in paragraph 93 to lost sales, nor do they indicate which transactions between MMI and PETsMART were 'material related party transactions' which should have been disclosed pursuant to generally accepted accounting principles. These claims do not even approach the level of particularization required under the PSLRA"); *In re Gupta Corp. Sec. Litig.*, 900 F.Supp. 1217, 1243 (N.D. Cal. 1994) ("Because plaintiffs have not alleged any facts suggesting that either Novell, Rekhi or Carlisle exerted real control or influence over Gupta, plaintiffs' control person allegations against Novell, Rekhi and Carlisle are dismissed"); *In re China Mobile Games & Entertainment Grp., Ltd. Sec. Litig.*, 2016 WL 922711 (S.D.N.Y. March 7, 2016) (holding no actionable misstatement or omission where plaintiffs failed to plead facts "showing that there were related-party transactions to disclose" because no pleading of facts that individual held decision-making power over supposed related-party); *Tabor v. Bodisen Biotech, Inc.*, 579 F.Supp.2d 438, 450-51 (S.D.N.Y. 2008) (because plaintiffs did not allege ownership, management, control, or significant influence, there was no duty for defendant to disclose its relationship or transactions). Moreover, Plaintiffs do not even directly allege a connection between the Purported Related Third Parties and Defendants – for example, the allegations concerning J&C are one step removed. These allegations do not place the Purported Related Third Parties within the parameters of S-K Item 404.

Further, the Second Amended Complaint's only allegations concerning undisclosed related parties is based on a post from Hindenburg. The Hindenburg posts – which in this case were only posted on X.com and not issued through a report – were

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

made by a short seller. *See Espy v. J2 Global, Inc*., 99 F.4th 527. 541 (9th Cir. 2024) (finding that Hindenburg is a "short-seller firm"). Plaintiffs' reliance on the Hindenburg tweet is misplaced. The court in *Ng v. Berkeley Lights, Inc.*, No. 21-CV-09497-HSG, 2024 WL 695699, at *10 (N.D. Cal. Feb. 20, 2024) explored this issue:

> [W]here these two problematic features coincide—when a complaint's factual attributions to unidentified sources derive not from interviews by plaintiffs' counsel, but from a short-seller report's attributions to such sources—there is still greater need for care. *In re DraftKings Inc. Sec. Litig.*, 650 F.Supp.3d 120, 154 (S.D.N.Y. 2023). 'The author of such a report is economically motivated to drive the issuer's stock price down,' and 'is not an attorney with professional obligations to the Court, such as that under Fed. R. Civ. P. 11(b) to certify that a pleading's factual averments were the product of an inquiry reasonable under the circumstances.'

*Id.* (citations omitted).

Here, Plaintiffs do not allege any independent investigation of the allegations within the Hindenburg tweet. Instead, the allegations within the Second Amended Complaint derive completely from a "short-seller report's attributions," which the *Ng* court found to be deficient. *Id.* The *Ng* court went on to hold:

> [T]o be sure, where 'well-pled independent and particularized facts corroborate those attributed to anonymous sources in short-seller reports, courts have sustained such complaints.' But when plaintiffs' counsel has not interacted with the unidentified source—and does not even know the source's name, position, or other attributes tending to bear on the source's credibility—and instead extracted and pled as true statements from a report by a short seller attributing adverse facts to unidentified persons, these aspects of the complaint, if not corroborated, are fairly discounted or put aside altogether as ill-pled.

*Ng.*, No. 21-CV-09497-HSG, 2024 WL 695699, at *10 (quoting *DraftKings, 650 F.Supp.3d at 154*.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

Thus, Plaintiffs' allegations are based *solely* on a post from Hindenburg, which are unsupported factual beliefs that are insufficient to support a Section 11 claim. Additionally, the Prospectus explicitly disclosed the relationship between Defendant Xu and J&C. (RJN ¶ 1). Moreover, all of the addresses for the companies are available to the public, meaning that an investor had access to the same information as Defendants. In fact, Hindenburg posted the exact information that was available to the public. (*See* SAC ¶ 70-73). Thus, any such omission is by definition not material. *See In re Nektar Therapeutics Securities Litigation,* 34 F.4th 828, 839 (2022). Plaintiffs cannot state a basis for a Section 11 claim against Defendants.

Perhaps recognizing this shortcomings, the Second Amended Complaint attempts to add allegations about why the purported related party transactions were material. *See* SAC ¶¶ 106, 110, 123, 127, 137, 141. Nonetheless, Plaintiffs' conclusory allegations do not support a finding of materiality, especially because Plaintiff provide no basis for how unaffiliated third party transactions would interrupt Maison's operations or business. Plaintiffs' unreasonable reliance on a theory that Defendant Xu's involvement in these purported related party transactions negatively impact's Maison's financial viability is misplaced and insufficient. Plaintiff's allegations provide no justification as to why disclosure would be material "to understanding Maison's financial position and operating results." SAC ¶106(e). As discussed above, Maison was not required to disclose these transactions pursuant to Item 404 of Regulation S-K. But even if it was, Plaintiffs' amended allegations in the Second Amended Complaint do not adequately plead that failure to disclose the transactions with the Purported Related Third Parties were material.

**B.    The Second Amended Complaint Fails to State a Claim for Violation of Section 15 of the Securities Act of 1933**

Section 15 of the Securities Act imposes joint and several liability on "[e]very person who, by or through stock ownership, agency, or otherwise . . . controls any

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

person under" § 11. 15 U.S.C. § 77o(a). To establish § 15 liability, a plaintiff must allege a "primary violation" of § 11 and control of the primary violator by defendants. *Rigel Pharms.,* 697 F.3d at 886. Plaintiffs' Section 15 claim must be dismissed because they have not sufficiently pled a primary violation, nor do Plaintiffs' allegations permit an inference of control.

Given that Plaintiffs fail to state a claim under Section 11 – for all of those reasons discussed above – the control person claims must likewise fail.

In addition, to allege control person liability under Section 15, a plaintiff must show that the defendant "actually possess[ed], in fact, rather than in theory, the ability to direct the actions of the controlled person," and that the defendant had "actual control over the transaction in question." *NVIDIA*, 768 F.3d 1046. Plaintiffs' conclusory allegation that the Individual Defendants were control persons "by virtue of their positions as directors and/or senior officers of Maison at the time of the IPO" is plainly insufficient. RJN ¶ 1, SAC *¶¶* 188, 200, 207, 209; *NVIDIA*, 768 F.3d 1046 (stating that "[c]onclusory allegations of control are insufficient as a matter of law" and "officer or director status alone" is insufficient to plead control for Section 15 liability) (citation omitted).

In fact, the ***only*** allegation (albeit conclusory) about the Individual Defendants in the Amended Complaint is that they "signed/or authorized the signing of the IPO Registration Statement." SAC ¶¶ 95, 179. In fact, nearly every reference to the "Individual Defendants" in the First Amended Complaint were removed when Plaintiffs filed the Second Amended Complaint. Such allegations plainly fall short of pleading the requisite control. *NVIDIA*, 768 F.3d 1046.

Because Plaintiffs fail to state a primary violation of Section 11, and their pleadings are insufficient as a matter of law to establish Section 15 liability, the Section 15 claim must be dismissed with prejudice.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

**C.    Plaintiffs' Exchange Act Claims Should be Dismissed**

To plead securities fraud under Section 10(b), Plaintiffs must allege facts showing, *inter alia*, a material misrepresentation or omission, scienter, and loss causation. See *Nguyen v. Endologix*, 962 F.3d 405, 414 (9th Cir. 2020). In addition to the pleading requirements under *Twombly*, 550 U.S. at 570, and *Iqbal*, 556 U.S. at 678, Section 10(b) claims must satisfy the "exacting," "formidable" requirements of the PSLRA and Rule 9(b). *Metzler Inc. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1055 (9th Cir. 2008); accord *McGee v. Am. Oriental Bioengineering*, 2014 WL 12586107, *1 (C.D. Cal. Sept. 23, 2014) (Olguin, J.).

The PSLRA was enacted by Congress "[a]s a check against abusive litigation by private parties."" *McGee*, 2014 WL 12586107 at *9. It requires Plaintiffs to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1)(B); *Metzler*, 540 F.3d at 1070; *Reed*, 2016 WL 6571281, *4.

Rule 9(b) requires plaintiffs to "state with particularity the circumstances constituting fraud," and to "set forth what is false or misleading about a statement, and why it is false." *In re Stac Elect. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996); accord *Rubke*, 551 F.3d at 1161; *Reed*, 2016 WL 6571281, *4.  The allegations asserted in the Second Amended Complaint do not meet this standard.

### 1.    The Second Amended Complaint Fails to Adequately Plead an Actionable Misstatement or Omission

Plaintiffs complain that Maison's IPO Registration Statement omitted certain information. More specifically, Plaintiffs re-argue all allegations made with reference to their first cause of action of violations of Section 11 and 15 of the Securities Act.

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

But the federal securities laws do not "create an affirmative duty to disclose any and all material information." *Siracusano*, 563 U.S. at 44. Disclosure is required "only when necessary to make … statements made, in the light of the circumstances under which they were made, not misleading." *Id.*; see also *Macquarie Infrastructure v. Moab Partners*, 144 S.Ct. 885, 892 (2024) (omission must "render[] affirmative statements made misleading").

Stripped of rhetoric, Plaintiffs' allegations boil down to two primary omissions: Maison's purported duty to disclose a pending lawsuit, *Zang* (one that was not connected to Maison in any material way, as discussed *supra*), and Maison's purported duty to disclose the Purported Related Third Parties transactions.  However, for the reasons detailed above, neither of set of these purported omissions are material, nor accurate for that matter. Notably, many of Plaintiffs' allegations concerning the "undisclosed" lawsuit, and the identical addresses of the Purported Related Third Parties are based on publicly available information—negating any argument that the omissions could have been misleading. Moreover, Plaintiffs' allegations fail to satisfy the materiality requirement.  Plaintiffs fail to allege any information regarding Maison making any misstatements or omissions which could be actionable under this cause of action, and therefore, this cause of action should be dismissed in its entirety with prejudice.

### 2. The Second Amended Complaint Fails to Adequately Plead a Strong Inference of Scienter

The PSLRA also requires Plaintiffs to plead "particularized facts" giving rise to a "strong inference" that Defendants acted either intentionally or with deliberate recklessness. *See Endologix*, 962 F.3d at 407; *McGee*, 2014 WL 12586107, at 10.

"Deliberate recklessness" is a form of "intentional or knowing misconduct," *Zucco*, 552 F.3d at 991, and Plaintiffs must plead "an extreme departure from the standards of ordinary care" that "presents a danger of misleading … that is either known

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

21                    CASE NO. 2:24-cv-00063-SPG-KS
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

to the defendant or is so obvious that the actor must have been aware of it," *Endologix*, 962 F.3d at 414; McGee, 2014 WL 12586107, at 10.

A "strong inference of scienter" means that "a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference." *Tellabs*, 551 U.S. at 324. A court must conduct a comparative analysis, considering both "plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Id.*

Plaintiffs must "state with particularity facts giving rise to a strong inference" that Defendants made misstatements "with an intent to deceive, manipulate, or defraud." *Metzler*, 540 F.3d at 1061; 28 U.S.C. § 78u- 4(b)(2)(A). Those facts must indicate "an *extreme* departure from the standards of ordinary care, [] which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." *Prodanova v. H.C. Wainwright & Co., LLC,* 993 F.3d 1097, 1106 (9th Cir. 2021) (citation omitted). And the inference must be "more than merely plausible," it must be "cogent" and "at least as compelling as any opposing inference of nonfraudulent intent." *Metzler,* 540 F.3d at 1066 (quoting *Tellabs,* 551 U.S. at 314). Where the non-fraudulent explanation is "more plausible," the case "cannot go forward." *Nguyen v. Endologix, Inc.,* 962 F.3d 405, 419 (9th Cir. 2020).

Under the PSLRA, the Court must compare allegations of scienter with other plausible explanations for the allegedly false or misleading statements to determine whether there is a "cogent and compelling" inference of scienter which is "strong in light of other explanations." *South Ferry LP, No. 2 v. Killinger,* 542 F.3d 776, 782 (9th Cir. 2008). Courts must therefore "consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." *Gompper v. VISX, Inc.,* 298 F.3d 893, 896 (9th Cir. 2002). To do otherwise "would be to eviscerate the PSLRA's strong inference requirement by allowing plaintiffs to plead in a vacuum." *Id.*

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

The Second Amended Complaint does not come close to articulating a compelling scienter theory against any Defendant.

Plaintiffs' first attempt to plead scienter by alleging that Maison purposely retained an auditing firm that was purportedly known to not comply with general accounting principles and auditing standards. SAC ¶¶ 149-152. However, Plaintiffs' allegations pertaining to the retention of Friedman are a red herring because Plaintiffs acknowledge, and plead, that Defendants dismissed Friedman in January 2023—9 months prior to the IPO. SAC ¶ 152. At the time leading up to and during the IPO, a different auditing firm (Kreit & Chiu) was Maison's auditors. *Id*.

Plaintiffs also attempt to plead scienter by alleging Defendant Xu has been accused multiple times of "creating shell entities" that he controlled. SAC ¶ 153. Yet again, Plaintiffs' allegations are inadequate. Unproved and unadjudicated accusations are insufficient to form the basis of scienter. *See Metzler,* 540 F.3d at 1061 (holding that alleged conduct must show an intent to deceive, manipulate, or defraud). Further, Plaintiffs do not allege that Defendant Xu's conduct is a great deviation from the standard of ordinary care—indeed, companies and business individuals routinely create corporate entities to serve a vast array of legitimate business interests. Plaintiffs' sparse allegations are a far cry from the kind of particularized facts that could show an intent to defraud.

Plaintiffs' final attempt to plead scienter under the theory of *respondeat superior* fails as a matter of law. Plaintiffs do not and cannot allege any kind of agency/principal relationship or provide any argument supporting an employee/employer relationship. Plaintiffs have thus pled nothing to supporting indications of fraud on the part of any of the Defendants.

Numerous courts in the Ninth Circuit have held that allegations grouping several defendants together, with no particularized facts alleged as to each defendant, are insufficient to plead the defendant's state of mind (that is, to plead scienter) with the

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

particularity required by the PSLRA. *See In re Am. Apparel, Inc. Shareholder Litig.,* No. CV 10-06352-MMM (JCGx), 2013 WL 174119, at *25 (C.D. Cal. Jan. 16, 2013) (collecting cases) ("Courts within the Ninth Circuit have . . . largely concluded that group pleading is not compatible with the PSLRA's requirements."); *see also Petrie v. Elec. Game Card Inc.,* No. SACV 10–00252 DOC (RNBx), 2011 WL 165402, at *3 (C.D. Cal. Jan. 12, 2011) ("Although the Ninth Circuit has yet to squarely address the issue, the majority of district courts within the Circuit to confront the group pleading doctrine post-*Tellabs* have decided that the doctrine did not survive. The Central District of California, in particular, appears to be unanimous in this conclusion.").

Plaintiffs seemingly try to cure their group pleading strategy by changing the "Individual Defendants" language from the First Amended Complaint to allegations against Xu and Lopez in the Second Amended Complaint. *See e.g.,* SAC ¶¶ 28, 29, 112, 113. But simply changing general allegations against six defendants to the same general allegations against two defendants does not cure the pleading defect.

Significantly, there is no strong inference of scienter for any Defendant in this case – i.e., there are no insider stock sales or other indicia of personal benefit. *See In re Downey Sec. Litig.*, 2009 U.S. Dist. LEXIS 83443, at *43 (C.D. Cal. Aug. 21, 2009) ("A strong inference of scienter is negated when there is an absence of stock sales or where such sales are minimal") (citing *In re Apple Comput. Sec. Litig.*, 886 F.2d 1109, 1117 (9th Cir. 1989)); *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Stipp. 2d 1148, 1177-78 (C.D. Cal. 2007) ("the lack of any tangible, personal benefit here further weighs against the Officer Defendants having scienter") (internal citations omitted); *Espinoza v. Whiting*, 8 F.Supp.3d 1142, 1153 (E.D. Mo. 2014) (complaint failed to allege scienter where "Plaintiffs provided] no confidential witness information" because "[c]onjecture alone does not suffice"), aff 'd, 790 F.3d 828 (8th Cir. 2015).

Plaintiffs' Exchange Act claims and allegations fail as a matter of law. Plaintiffs fail to adequately allege or reasonably plead that Defendants acted with recklessness,

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

deliberation, or intention to mislead Plaintiffs in any way. Plaintiffs' conclusory arguments fail and Plaintiffs' claims must be dismissed.

### 3.    The Second Amended Complaint Fails to Plead Motive

Plaintiffs do not identify a motive for the alleged fraud. The "lack of a plausible motive . . . makes it much less likely that a plaintiff can show a strong inference of scienter." *Prodanova,* 993 F.3d at 1108.  At the outset, there can be no finding of motive because the Second Amended Complaint does not, and cannot, allege that Defendants were self-motivated and engaged in insider sales while Maison's stock was allegedly inflated. That negates any inference of scienter. *See Webb v. Solarcity Corporation*, 884 F.3d 844, 856 (9th Cir. 2018); *Rigel Pharms.,* 697 F.3d at 884 (holding that "because none of the defendants sold stock during the period between the allegedly fraudulent statements and the subsequent public disclosure of the detailed data, which is the period during which they would have benefitted from any allegedly fraudulent statements, the value of the stock and stock options does not support an inference of scienter.")In addition, Plaintiffs' conclusory allegations that the statements and omissions made by Defendants wherein they "acted with reckless disregard for the truth" (SAC ¶ 201) are insufficient. *See Plumley v. Sempra Energy,* 847 F.App'x 426, 430 (9th Cir. 2021) (allegations that Defendants "knew" leak contained hazardous materials but failed to disclose leak and release of pollutants were "wholly conclusory" and did not support a strong inference of scienter); *Zucco,* 552 F.3d at 998 ("generalized claims about corporate knowledge are not sufficient to create a strong inference of scienter"). And, it is well established that merely signing the financial statement does not give rise to scienter. *In re Hansen Nat. Corp. Sec. Litig.,* 527 F. Supp.2d 1142, 1160 (C.D. Cal. 2007) ("Without allegations that each of the Individual Defendants . . . knew [the Company's] public filings contained misstatements, the Individual Defendants'' signatures on those public filings alone does not give rise to a strong inference of scienter."). A generous interpretation of the Second Amended Complaint affords a

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

possible motive to the successful completion of the IPO and then maintenance of its stock price. SAC ¶¶ 4-9. But the Ninth Circuit repeatedly rejects these very motives as insufficient to plead scienter because they are routine, common objectives of every corporation. *See Veal v. Lending Club Corp.,* 423 F.Supp.3d 785, 815 (N.D. Cal. 2019); *Manger v. Leap Frog Enters., Inc.,* 252 F.Supp.3d 837, 847 (N.D. Cal. 2017) (rejecting core operations theory of scienter where what has been "missing from the beginning are facts that the [information known by defendants] meant that the statements . . . were false or misleading").

### 4. The Second Amended Complaint Fails to Plead Knowledge or Deliberate Recklessness

To plead a strong inference of scienter, Plaintiffs must plead particularized facts demonstrating that Defendants "made false or misleading statements either intentionally or with deliberate recklessness," *Mattel,* 321 F. Supp. 3d at 1151 (citation omitted), with the recklessness standard "much closer to one of intent," *NVIDIA,* 768 F.3d at 1053.

Without a plausible motive, Plaintiffs' burden to plead scienter grows "correspondingly greater." *Copperstone v. TCSI*, 1999 WL 33295869, at 15 (N.D. Cal. Jan. 19, 1999). Plaintiffs face the "substantial hurdle" of pleading "compelling and particularized facts showing fraudulent intent or deliberate recklessness" in order to overcome the absence of motive. *Prodanova,* 993 F.3d at 1103, 1108.

The Second Amended Complaint comes nowhere close. Plaintiffs do not point to a single document—"hallmarks" of a well-pleaded securities claim, *see Carr v. Zosano*, 2021 WL 3913509, *8 (N.D. Cal. Sept. 1, 2021)—to plead what Defendants or anyone at Maison knew when disclosures were made. In fact, by way of the Second Amended Complaint, all disclosures that were legally required to be made, and that were reasonably known by Defendants were made in the IPO Registration Statement. As such, Plaintiffs do not even attempt a non-conclusory pleading of "actual knowledge"

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

1  of falsity on any defendant's part. Rather, Plaintiffs rely on several circumstantial factors

2  in an attempt to plead knowing misconduct. All are insufficient.

3          **5.      The Second Amended Complaint Fails to Adequately Plead**

4                  **Loss Causation**

5          Even if Plaintiffs had pled a scheme to mislead investors (again, they have not),

6  their claim would still fail because they have not pled particularized facts demonstrating

7  that that "the defendant's misstatement, as opposed to some other fact, foreseeably

8  caused the plaintiff's loss." *Lloyd v. CVB Fin. Corp.,* 811 F.3d 1200, 1210 (9th Cir.

9  2016). Plaintiffs must show a "causal connection between the deceptive acts that form

10 the basis for the claim of securities fraud and the injury suffered by the [Plaintiffs]."

11 *Apollo,* 774 F.3d at 608 (citation omitted). This burden "is typically satisfied by

12 allegations that the defendant revealed the truth through "corrective disclosures" which

13 "caused the company's stock price to drop." *Lloyd,* 811 F.3d at 1209 (citation omitted).

14 But to qualify as a corrective disclosure, a statement must "reveal new information to

15 the market[.]" *In re BofI Hldgs., Sec. Inc.,* 977 F.3d 781, 794 (9th Cir. 2020); *accord*

16 *Grigsby v. BofI Holding, Inc.,* 979 F.3d 1198, 1205 (9th Cir. 2020).

17         Loss causation is "causal connection" between an alleged misrepresentation and

18 Plaintiffs" loss. *Metzler*, 540 F.3d at 1062. Plaintiffs must plead facts showing that a

19 defendant's misstatement, "as opposed to some other fact," caused their loss. *Nektar*, 34

20 F.4th at 838. Plaintiffs allege that the Hindenburg post and reporting was a partial

21 corrective disclosure that caused a stock drop because the post revealed the alleged

22 violations by Defendants. SAC ¶¶ 143-147. After such an announcement, a decline in

23 stock price can "only be attributed to market speculation about whether the fraud has

24 occurred" and "speculation about whether fraud has occurred cannot form the basis of

25 a viable loss causation theory." *Loos v. Immersion Corp.,* 762 F.3d 880 (9th Cir. 2014).

26         Plaintiffs' allegations are woefully insufficient to support the notion that the

27 Hindenburg short attack regarding Defendants or Maison's purported omissions

28

AKERMAN LLP

633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

"exposed" and "corrected" prior misrepresentations. *Nektar*, 34 F.4th at 839; *Reed*, 2016 WL6571281, *11-12. ("The burden of pleading loss causation is typically satisfied by allegations that the defendant revealed the truth through corrective disclosures which caused the company's stock price to drop and investors to lose money.") Therefore, Plaintiffs have failed to allege any causal connection between Defendants' misstatements and alleged damages.

### 6.    The Second Amended Complaint Fails to Adequately Plead Scheme Liability

To state a claim for scheme liability under Rule 10b-5(a) or (c), Plaintiffs must adequately plead "deceptive conduct beyond those misrepresentations or omissions" that are actionable under Rule 10b-5(b). *In re Nektar Therapetics*, 2020 WL 3962004, *13 (N.D. Cal. July 13, 2020). Here, the only "conduct" to which Plaintiffs point— "deceiv[ing] the investing public" and "caus[ing]" purported members of the Class to "purchase Maison's shares of Class A common stock at artificially inflated prices"—is indistinguishable from the making of those statements and fails to state a claim for scheme liability. SAC ¶ 196.

Plaintiffs fail to adequately plead any false statements. The scheme claim separately fails because Plaintiffs fail to adequately allege scienter or loss causation, as they must. *Nektar*, 2020 WL 3962004, *15-18. ("[T]o plead a scheme liability claim, a plaintiff must allege: '(1) the defendant committed a deceptive or manipulative act in furtherance of the alleged scheme; (2) scienter; (3) a connection between the alleged deceptive or manipulative act and the purchase or sale of a security; (4) reliance upon the alleged deceptive or manipulative act; (5) economic loss; and (6) loss causation.'") Plaintiffs' barebone allegations simply repeat the allegations in the 10b-5(a) and (c) language (SAC ¶ 197) and there is no reference to any "scheme" purportedly undertaken by Defendants. In fact, the entire Second Amended Complaint only alleges purported "false and misleading statements," yet nothing with respect to scheme liability.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:24-cv-00063-SPG-KS
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

Therefore, this claim fails to allege any deceptive conduct on the part of Defendants and must be dismissed.

## D.    The Section 20(a) Claim of the Second Amended Complaint Should be Dismissed

To plead a prima facie case under Section 20(a) of the Securities Exchange Act, Plaintiffs must show: (1) "a primary violation of federal securities law" and (2) "that the defendant exercised actual power or control over the primary violator." *Rige Pharms.*, 697 F.3d at 886. *Howard v. Everex Sys.*, Inc., 228 F.3d 1057, 1065 (9th Cir. 2000). *See also,* In re Cadence Design Sys., Inc. Sec. Litig., 692 F.Supp.2d 1181, 1193 (N.D. Cal. 2010). Plaintiffs' claim fails on both accounts. Without a primary violation of Section 10(b), Plaintiffs fail to state a Section 20(a) claim. *Rigel Pharms.*, 697 F.3d at 886. Plaintiffs' failure to plead how Defendants were "control persons" with reference to the fraudulent conduct alleged in the primary violations negate Plaintiffs' ability to meet their burden to state a claim under Section 20(a).

Furthermore, Plaintiffs' conclusory arguments are unsupported by factual allegations to sufficiently show that any Individual Defendants had sufficient control, possession, or power over the company at large. "Plaintiffs' 'control' allegations are generalized, conclusory, and unsupported by factual allegations. Such 'boilerplate' allegations are insufficient to state a claim." *Id.* (quoting *In re Downey Sec. Litig.,* 2009 WL 736802, *15–16, 2009 U.S. Dist. LEXIS 25007, *44–46 (C.D. Cal. Mar. 18, 2009)). *Cadence Design*, 692 F.Supp.2d at 1194. "Section 20(a) claims may be dismissed summarily ... if a plaintiff fails to adequately plead a primary violation of section 10(b)." *Zucco*, 552 F.3d at 990. Plaintiffs' Section 20(a) claim relies on the viability of a Section 10(b) claim. *In re Tesla, Inc. Sec. Litig.*, 477 F.Supp.3d 903, 935 (N.D. Cal. 2020).

## V.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiffs' Second Amended Complaint in its entirety with prejudice, and grant such other and further relief as it deems proper and just under the circumstances.

Dated: June 5, 2025                                        **AKERMAN LLP**

By: */s/ Alicia Y. Hou*

      Alicia Y. Hou
      Andrea N. Khoury
      Scott Kessler (admitted *pro hac vice*)
      Ashley Akapo (admitted *pro hac vice*)

*Attorneys for Defendants*
*MAISON SOLUTIONS INC.; JOHN XU; ALEXANDRIA M. LOPEZ; TAO HAN; BIN WANG; MARK WILLIS; XIAOXIA ZHANG; JOSEPH STONE CAPITAL, LLC, and AC SUNSHINE SECURITIES LLC*